### JAMES WINCHELL *v.* ASAHEL POND.

That section of the Revised Statutes, [Rev. St. c. 11, sect. 26,] which provides, that "No sheriff, or deputy sheriff, shall be allowed to make any writ, declaration " &c., must be so construed as to include constables, also. The term " sheriff," as used in this section and several others in the same chapter, may be regarded as a generic, not a specific, term, comprehending the whole class of executive officers, whose duties are of like nature.

A writ filled up by a constable is void, and will be dismissed by the county court on motion, although the case may have come to that court by appeal, and the defect may not have been seasonably taken advantage of by plea in abatement, and although the writ was filled up by the constable at the request of the attorney for the plaintiff and under his supervision.

ASSUMPSIT upon a promissory note.   The action was commenced before a justice of the peace and came to the county court by appeal. At the term at which the appeal was entered, the defendant moved that the action be dismissed, for the alleged reasons, that the original writ was made by the constable, who served the same, and that no sufficient recognizance was taken to the defendant for his costs. It appeared, that the writ was served by the constable of Poultney, and that he filled the writ at the request of the attorney for the plaintiff and under his supervision.   It also appeared, that the writ was signed in blank by the justice of the peace, before whom it was made returnable, and that the name of the recognizor was inserted at the time the writ was filled and in the absence of the justice.

Winchell v. Pond.

The county court, April Term, 1845,—WILLIAMS, Ch. J., presiding,—decided, that the proceedings were void, for the reason that the officer, who served the writ, filled the same, and that, in this respect, constables are, by the statute, under the same disabilities with sheriffs and deputy sheriffs; and the suit was dismissed. Exceptions by plaintiff.

*W. H. Smith* for plaintiff.

1. It is contended, that the constable did not, in this case, in legal contemplation, *make* the writ. The facts show, that he acted as the mere amanuensis of the attorney.

2. We insist, that constables are not, by the Revised Statutes, laid under the same disabilities, in this particular, with sheriffs and deputy sheriffs; and that *constables* may make writs. Sheriffs and deputy sheriffs are expressly restricted, but nothing is said of constables. All these officers were equally prohibited by the former statute. Slade's St. 204, § 12. This is not an isolated case of distinction between these officers in the Revised Statutes. Sheriffs and deputy sheriffs are prohibited appearing in court, or before justices, as counsel, or attorneys; while constables are not; Rev. St. 75, § 25. All these officers were equally prohibited by the former statutes. Sl. St. 204, § 12. Nor can this be claimed as the result of an unintentional omission in the legislature, when we find, that, by other restrictive provisions in the Revised Statutes, both sheriffs and constables are included. Rev. St. 75, §§ 25–28. We are not called upon to discuss the propriety of placing sheriffs and constables under the same restrictions in any or all these respects. If the legislature has not provided a remedy for every existing evil, this court will not supply the defects, but will decide upon the law as *expressed*. 14 Vt. 340.

*Everts* and *Harris* for defendant.

1. No regular or sufficient recognizance was taken upon the issuing of the original writ in this case. Rev. St. c. 28, § 5. 1 Aik. 379.

2. The case is within the spirit of the statute respecting sheriffs and deputy sheriffs. Rev. St. c. 11, § 26; c. 13, § 60.

Winchell *v.* Pond.

The opinion of the court was delivered by

Davis, J. One of the grounds, on which the motion to dismiss was made,—that is, the not taking a proper recognizance for costs on issuing the writ,—seems not to have been passed upon by the county court; of course it is not before us. The only question is, whether the county court were right in dismissing the action; for the reason that the original writ, which was returnable before a justice of the peace, was made or filled up by the constable of Poultney, who served the same.

The motion is founded upon section 26 of chap. 11 of the Revised Statutes,— which enacts, that "no sheriff, or deputy sheriff," shall be allowed to make any writ, declaration, plea, &c., except in his own case,—declaring all such acts to be void, and that all such writs and proceedings shall be dismissed. Constables, not being particularly named, it is supposed by the plaintiff's counsel are not comprehended within the true spirit and meaning of the statute. Whether so, or not, is the question now to be determined.

We attach no importance to the circumstance, that the same officer, who filled the writ, also served it. If served by any other officer, the objection would be equally available. Nor is it a matter of any consequence, that it was presented in the form of a plea in abatement before the magistrate. As mere matter in abatement, if it were such, it came too late,—not being pleaded until after one continuance. If there be any thing in the objection, it is one of substance, and not of form merely,—the statute declaring the process void.

In arriving at what a majority of the court deem a correct construction of this statute, it is proper to say farther, that the circumstance, that the former statute on the same subject, superseded by the present revised code, expressly comprehended constables within its prohibition, is not regarded as at all decisive either way. The omission of that word in the present law is susceptible of other explanation, than an intention to exempt that class of officers from its operation. Inadvertence, or a belief that it was not necessary, in every successive section of a statute embodying numerous provisisons, intended to secure a prompt, effectual and impartial service of all process by the various officers entrusted with that duty, to repeat perpetually each class, would afford a satisfactory explanation.

Every consideration of policy, applicable to sheriffs and their

deputies, in respect to this subject, seems to apply with nearly equal force to constables. Their powers, duties and liabilities are the same, with the exception that their sphere of operation is less extensive, generally,—but co-extensive with respect to a large class of precepts, subject to the consent of the towns, respectively, in which they reside. There are peculiar duties, it is true, superadded in relation to the collection of taxes. The same mischiefs, to a considerable extent, would result from their being permitted to combine their appropriate business with that of counsel and attorney. They are essentially incongruous; and every principle of sound policy and expediency requires them to be kept separate and distinct. Upon principles of construction, then, every where recognised, we feel at liberty to disregard the mere letter of the statute, and give it a scope and meaning broad enough to effectuate the beneficial purposes it had in view.

If a penalty were the consequence of a disregard of the prohibition, upon principles of construction equally well settled the subject would be entitled to a very different consideration. For instance, by sect. 21 of the same statute, if any sheriff, or deputy sheriff, shall wilfully neglect, or refuse, to serve or return any lawful writ or precept delivered to him, or make a false return thereon, he shall be subject to pay a fine, not exceeding one hundred dollars, and also to pay to the party aggrieved all damages and costs. So far as the fine is concerned, constables, not being named, could not be subjected to it; but I apprehend they can claim no exemption from responsibility in damages to the party injured.

Numerous other provisions, in the same chapter, leave no doubt that they are equally within the spirit and meaning of the law with other officers, though not named. Sect. 10 authorises every *sheriff* to preserve the peace, suppress riots, tumults, &c.; and sect. 11 says, every sheriff and *other officer*, in the discharge of the duties indicated in the preceding section, may require suitable aid and assistance. Here the statute itself has applied the same principles of construction, which this court adopt. Sheriffs and their deputies, in case of great opposition, are empowered, by the advice of two justices, to raise the militia, &c.; and if any person shall be killed or wounded in such case, the *sheriff and militia* are held guiltless. Deputies, in this last clause, are not named; but does any one sup-

26

pose, that they would not equally be held guiltless? Every sheriff has power, in the day time, to enter and search houses and other buildings for any person, against whom he may have a warrant, and also to search for goods stolen, &c. Is there any doubt, that constables, in executing similar precepts, are armed with similar powers? By sect. 22 all process served by a *sheriff* is required to be returned, at the proper place of return, before the time set for trial. Does not the same obligation extend to constables? Perhaps, too, the provision subjecting sheriffs to fifteen *per cent.* interest for refusing, on demand, to pay over money collected on execution, may extend equally to constables, although not named, considering the extra rate of interest rather as enhanced damages, than as a penalty. Sheriffs and their deputies are authorized to execute all precepts in their hands at the time of going out of office;—was it ever doubted that constables could do the same?

These examples are sufficient, to show that the utmost precision is not always observed in the language of statutes, and that a literal adherence to their terms would often defeat their obvious intent and meaning. In this view of the subject the term sheriff, as used in sect. 26, and in several other sections in the same chapter, may be regarded as a generic, not a specific, term, a *nomen collectivum*, comprehending the whole class of executive officers, whose duties are of like nature.

The result is, the judgment of the county court is affirmed.