EUNICE HUNT *v.* JASPER VIALL.

The Statute,—Rev. St. c. 11, § 26,—which prohibits officers from making writs, was intended to apply to the making of a writ, in the common and ordinary meaning of the term; and not to the mere alteration of a writ already perfect, which leaves it substantially the same writ, between the same parties, for the same cause of action, and stated in the same form.

Where the officer, at the request of the plaintiff's agent, erased from the writ the words showing the *place* where the trial was to be held, and inserted the name of another place, it was held that this did not avoid the writ.

In this case, which came to the county court by appeal, the defendant pleaded in abatement, that the officer, who served the writ, did, before service, erase from the writ the name of the place set for the trial of the suit, and. insert the name of another place.   The plaintiff replied, that this alteration was made by the officer at the request of the plaintiff's agent, after the writ had been made by an attorney.   To this replication the defendant demurred.

The county court, December Term, 1847,—HALL, J., presiding, —adjudged the replication sufficient.   Exceptions by defendant.

*G. W. Harmon,* for defendant, cited Rev. St. c. 11; § 26; Ib. c. 13, § 60 ; *Winchell* v. *Pond,* 19 Vt. 198.

*Minor & Burton* for plaintiff.

The opinion of the court was delivered by

HALL, J.    It was held in *Winchell v. Pond,* 19 Vt. 198, that sec. 26 of chap. 11 of the Revised Statutes, declaring a writ to be void, if made by a sheriff, or his deputy, applied also to writs made by constables.   In the present case the writ was made by an attorney of this court, but was afterwards, before service, altered by the constable, by inserting a different place for holding the court; in the same town; and the question is, whether this alteration was a making of the writ, within the meaning of that statute.

In construing a statute the object is to ascertain the intention of the legislature.   In searching for that intention, the evil sought to be remedied is first to be inquired after.   The object of the legisla-

---
Hunt *v.* Viall.

---

ture, in this statute, seems to have been, to prevent sheriffs and their deputies from acting also in the character of attorneys; apprehending, if they were allowed to do so, that litigation would be thereby promoted and increased. If sheriffs and their deputies could make writs, they might obtain the fees of both the attorney and officer; which inducements, it was supposed, would be likely to produce unnecessary and frivolous lawsuits. It can hardly be said, that the mere alteration, under the direction of the plaintiff, of the day and place of the court, in a writ already drawn, can come within the evil, which it was the design of the legislature to remedy. No new suit is instituted, no new litigation produced.

Nor does the act complained of come within the ordinary meaning of the language of the statute. The words of the act are, " No sheriff, or deputy sheriff, shall be allowed to make any writ, declaration, complaint, or other precept, or process," &c. If one were inquired of, who made the writ in this case, he would say, without hesitation, that it was made by the attorney, who drew it. No one would think of answering, that the constable made it. He made an alteration in the writ; but it was, after the alteration, substantially the same writ, so far as the act of originating it was concerned, as when it came from the hands of the attorney.

We are disposed to think and to hold, that the making of the writ, within the contemplation of the legislature, was a making of it in the common and ordinary meaning of the term; and that a mere alteration of a writ already perfect, which leaves it substantially the same writ, between the same parties, for the same cause of action, and stated in the same form, is not an act which renders the writ void, within the meaning of the statute.

The judgment of the county court is therefore affirmed.