## OSGOOD v. NORRIS AND TRUSTEES.

If an officer, by direction of the plaintiff's attorney, ascertain and insert in a writ,
    the christian name of a defendant, this will not make the writ void under the
    statute which enacts that, if any sheriff or his deputy shall make any process,
    writ, declaration, or plea, for any other person, the same shall be void.

ASSUMPSIT, against Trueworthy Norris, principal, and Joshua
Pervere, George Batchelder, and Joshua Marshall, trustees. The
defendant pleaded in abatement, that the writ was made by one

Enoch Watson, a deputy of the sheriff, and issue was joined on that fact.

The parties agreed to submit the case to the decision of the Court upon the affidavit of Watson, the officer, who stated that Mr. Emerson, the plaintiff's attorney, gave him the writ to be served; that the christian names of Marshall and Pervere were not in the writ; that Mr. Emerson said he did not know their christian names, and requested the officer to find them out and insert them in the writ; that he accordingly ascertained and inserted their christian names in the writ, by direction of Mr. Emerson.

· Emerson, for the plaintiff.

A. F. L. Norris, for the plaintiff.

PERLEY, J. In this case the plaintiff's attorney had made out the writ; it was complete except the christian names of two trustees; and the officer was instructed by the plaintiff's attorney to find out and insert these christian names; and this the officer did, pursuant to these instructions. The officer did not originate the writ; he exercised no control over the writ, except in his proper business of serving it. Nothing was intrusted to his discretion; it was not left to him to decide what parties should be sued, or what claim should be made in the suit. He had precise instructions to do a particular thing necessary to the formal completion of the writ, and this particular thing he did according to his instructions.

By the Rev. Stat. ch. 178, § 27, "If any sheriff or his deputy shall make any process, writ, declaration, or plea, for any other person, the same shall be void." The defendant, to maintain his plea, and the affirmative of the issue joined, must satisfy us that the writ in this suit, was made by the officer within the meaning of this provision of the statute.

In Vermont it has been held, that a similar provision in the statutes of that State, was intended to be applied to the making of writs in the common and ordinary meaning of the term, and

Osgood *v.* Norris.

not to the mere alteration of a writ already perfect, which leaves it substantially the same writ, between the same parties, for the same cause of action; and that where the officer, at the request of the plaintiff's agent, erased one place of trial and inserted another, this did not avoid the writ. *Hunt* v. *Vial*, 20 Verm. Rep. 291.

'And in New York it has been decided, that where a sheriff is authorized by an attorney to alter the return day of a writ, in case the writ cannot be served in season, he may make such alteration before bond for appearance is taken. *Sloan* v. *Wattles*, 13 Johns. 158; *Sullivan* v. *Alexander*, 18 Johns. 3.

Simply inserting the christian name of a defendant, according to express instructions from the plaintiff's attorney, is not, we think, *making a writ*, within the meaning of this statute. It is not making a writ in the ordinary sense of that phrase, and it is not within the mischief against which the law appears to have been pointed. The object of the statute was to prevent abuses likely to follow from uniting in the same person the offices of sheriff and attorney. In this case the officer's act was purely ministerial, and done under exact instructions from the attorney, and could not lead to any such abuse as the statute contemplated.

We do not intend by this decision to give any such loose construction to the statute, as shall encourage sheriffs and their deputies to intermeddle at all with the office and business of an attorney. If it had been left, in this case, to the judgment and discretion of the officer, to remodel the writ in any way; if, for instance, he had been requested to make inquiries, and, if he thought proper, insert or erase the names of persons as trustees, the case would have presented a different state of facts that might have required a different decision.

As the issue is here joined on the fact pleaded in abatement, the judgment must be in chief for the plaintiff.