# COUNTY OF ORLEANS,

##### AT THE

## AUGUST TERM, 1868.

##### PRESENT :

HON. JAMES BARRETT,
HON. ASAHEL PECK,
HON. WILLIAM C. WILSON,  } ASSISTANT JUDGES.
HON. JOHN PROUT,

---

## D. P. WALWORTH *v.* ASA AND JOSHUA FARWELL.

### *Sheriff. Authorized Person. Writ. Service.*

The statute (§ 26, ch. 12, Gen. Sts.) providing that no sheriff or deputy shall make any writ, etc., is an absolute prohibition upon sheriffs and deputy sheriffs from making any writ whatever, except in their own case, by whomsoever it may be served.

The provisions of this statute have been held to extend to constables (19 Vt., 198), but they do not extend to persons specially deputized by the authority signing the writ. The person making a writ may be so deputized to serve it.

EJECTMENT. To the plaintiff's writ the defendants pleaded in abatement. To the defendants' plea the plaintiff demurred. Joinder on demurrer, and trial by the court; June term, 1868, PECK, J., presiding. Judgment *pro forma*, that the plea in abatement

is sufficient, that the writ abate and that the defendants recover their costs. Exceptions by the plaintiff.

The defendants' plea in abatement is as follows:

" And now the said defendants, by their attorney, C. H. Benton, come and defend the wrong and injury when, etc., and say that the said plaintiff's said writ and declaration ought to abate, because they say that the same was served upon them by one George H. Walworth, an indifferent person, at Newport in the county of Orleans, on the 12th day of December, 1867, by delivering to the said defendants a true and attested copy of the same, without this, that the said plaintiff's said writ was served upon them, the said defendants, in any other manner or by any other person; and the said defendants aver that the said George H. Walworth made the said writ, to wit, at Coventry in the county of Orleans, on the 1st day of December, 1867. And this they are ready to verify. Wherefore the said defendants pray judgment of the said writ and declaration, that the same may be quashed, and for their costs."

*W. W. Grout* and *L. H. Bisbee*, for the plaintiff.

*C. H. Benton*, for the defendants.

The opinion of the court was delivered by

PECK, J. The plea in abatement, that the writ was served only by George H. Walworth, an indifferent person, and that he also made the writ, is attempted to be supported by extending the statutory prohibition upon sheriffs and deputy sheriffs against making writs, to persons who are deputized by the authority signing the writ, to serve the same. It is difficult to learn from the plea whether it is aimed at the writ or the service; whether the pleader goes on the ground that the *writ* is invalid because it was made by the person who served it, or on the ground that the *service* is invalid because the writ was served by the person who made it, as he has not attempted in his plea to draw the legal conclusion. As section 26 of chapter 12 of the General Statutes is referred to in support of the plea, it may be supposed the facts alleged in the plea are relied on, as avoiding the writ. If the writ is void, it can not be so simply because it was made by George H. Walworth; something more is necessary in order to bring

him within the prohibition of the statute. If he is within that section of the statute, something must appear which constitutes him a sheriff or deputy sheriff within the meaning and intent of the provision of the statute relied on; which must be either the fact that he was deputized to serve the writ, or the fact that he did serve it, or both. But it is nowhere alleged in the plea, that the writ was directed to him, or that he was deputized to serve it. It simply alleges that the writ "*was served upon them by one George H. Walworth, an indifferent person.*" It can not be presumed, from the fact that he was an indifferent person and served the writ, that the writ was directed to him, or that he was deputized to serve it. If he served the writ without any authority to do so, he clearly can not be deemed a sheriff or deputy sheriff within the meaning of the act. The party in such case would have an ample remedy by plea in abatement for defective service, by reason of want of authority in the person serving the writ. But suppose the allegations of the plea are such as to present the question, whether a writ served only by an indifferent person, by virtue of a deputation by the authority signing the writ, is made void or invalid, if made by the same person who serves it. The argument urged in favor of the affirmative of this proposition, is that the statute was intended to prohibit an officer from serving writs made by himself, or, in other words, from making writs which he serves, and that, in order to effect the purpose of the statute, it should by construction be extended to a deputized person who makes and serves the writ, although the prohibition in terms embraces only sheriffs and deputy sheriffs. This argument presupposes that the statute prohibits sheriffs and deputy sheriffs simply from making writs which they themselves serve, or, in other words, serving writs which they make. But such is not the statute. The language is: "No sheriff or deputy sheriff shall be allowed to make any writ, declaration, complaint, or other precept or process, or draw or make any plea, except in his own case, and all such acts shall be void, and such writ, declaration, complaint, or other process shall be dismissed, the plaintiff become nonsuit, and the defendant recover his costs." This provision of the statute is not confined to such writs as are made and

served by the same person.  It is an absolute prohibition upon sheriffs and deputy sheriffs from making any writ whatever, except in their own case, by whomsoever it may be served.  It is not a prohibition upon the sheriff against serving a writ which he has made ; for, notwithstanding the statute, he has the same right to serve such writ as any other officer.  In a plea in abatement under this statute to a writ made by a sheriff, no allegation that the writ was served by the person who made it, would be necessary.  But it is not claimed in argument in support of the plea in the case at bar, that it is brought within the scope of the statute, except by the fact that the writ was served by the person who made it ; a fact wholly immaterial in case of a writ made by a sheriff or deputy sheriff.  Thus it is seen that, in order to extend the statute to this case, it is necessary to incorporate a new element unknown to the statute.  If we extend the statute to this case for the reason that the writ was served by the same person who made it, upon the same ground we might, and, to be consistent, should, in case of writs made by sheriffs and deputy sheriffs, limit the operation of the statute to such writs only as are also served by the same sheriff or deputy sheriff by whom they were made.  To convert the statute from an absolute provision, that no *sheriff* or *deputy sheriff* shall be allowed to make any *writ whatever*, except in his own case, into a provision, that no *person* shall be allowed to serve any writ made by himself, would look more like legislation than interpretation.  Even if some of the reasons in favor of such prohibition upon sheriffs and their deputies, should seem to apply to persons specially deputized by the authority signing the writ, the provision should not be construed to embrace such deputized persons, unless it is clear that the legislature so intended it ; as it is clear such persons do not come within the ordinary meaning of the language of the statute.  In *Winchell* v. *Pond*, 19 Vt., 198, it was held by a majority of the court, that this provision of the statute extended to constables, but it was mainly upon the ground that a constable is a *public officer* whose duties are of the same character as those of a sheriff, and partly upon the ground that in the same chapter there were several provisions relative to the duties, powers and

liabilities of sheriffs, in which constables were not named, which almost necessarily and very clearly must have been intended to apply also to constables. But it was provided in section 60 of chapter 13 of the Revised Statutes, under which that decision was made, " That each constable within the town for which he is elected, shall have the same powers, and be under the same liabilities, and subject to the same penalties, as sheriffs in their respective counties." This provision of the statute, which was not alluded to in that case, would seem to do away with the necessity of resorting to the last named reason assigned by the court for the decision in that case ; but this express provision as to constables, might well be regarded as a sufficient reason for that decision. This general provision, placing constables on the same ground as sheriffs, may fairly be construed as embracing, among other things, this prohibition against making writs. But, whatever may be the true ground on which that decision rests, neither that case nor *Hunt* v. *Viall*, 20 Vt., 291, gives any countenance to extending the provisions of the statute in question further than to public officers. The object of the statute was to prevent sheriffs and their deputies, public officers whose duty it is to serve writs, from acting also in the capacity of attorneys in making writs ; a practice which, if permitted, would be likely to stir up and increase litigation and promote frivolous suits, as was feared. No such general mischief can be reasonably apprehended to grow up from the isolated cases of writs served by persons specially authorized, as to warrant the conclusion that the legislature had in view such cases or intended to include them. The object was to prevent public officers whose business and duty it is to serve writs and other processes, from acting in the character of attorneys or counsel, either by making writs or other processes, or by appearing in court as counsel for a party in any suit. This is accomplished by the section in question, and section 25 next preceding it. We see no reason for extending these provisions of the statute to cases like the case at bar.

Judgment of the county court reversed, judgment that the plea in abatement is insufficient and that the defendant answer over, and case remanded for trial.