STATE v. J. H. DREW.

*Grand Juror's   Complaint   Written   by   Deputy   Sheriff.   Gen.*
*,   Sts.   c.   12,   s.   26.*

A grand juror's complaint, written by a deputy sheriff at the request and in the pres-
ence of the grand juror, will be dismissed on motion, although the deputy was the
justice who signed the warrant and tried the case.

THIS was a grand juror's complaint.   It was agreed that H.
W. Lyford, the justice who signed the warrant and tried the case,
wrote the complaint and warrant at the request and in the pres-

ence of the grand juror for the town of Warren; that the justice then was, and for a long time before and ever since had been, " a legal deputy sheriff within said town, and as such, was in the exercise of all the functions, and discharging all the duties, of said office;" that the complaint was served by the constable of said town; and that the question of the right of the justice to make the complaint and sit in the cause was not raised before him.

The respondent moved to dismiss, " for reasons appearing upon the face of the agreed statement, which is referred to."

The court, at the September Term, 1877, REDFIELD, J., presiding, overruled the motion, *pro forma;* to which the respondent excepted.

*L. L. Durant*, for the respondent.

The complaint is absolutely void, and should be dismissed on motion. Gen. Sts. c. 12, s. 26; *Winchell* v *Pond*, 19 Vt. 198; *Hunt* v. *Viall*, 20 Vt. 291; *Walworth* v. *Farwell*, 41 Vt. 212.

*Frank Plumley*, State's Attorney, for the State.

Was the justice prohibited from making a warrant to a complaint legally presented to him? It would seem to be his duty to make it. Gen. Sts. c. 31, s. 26. It was not the purpose of the statute to limit the powers of a justice of the peace, but to prevent a sheriff from acting as an attorney. *Walworth* v. *Farwell*, 41 Vt. 212; *Winchell* v. *Pond*, 19 Vt. 198; *Hunt* v. *Viall*, 20 Vt. 291; Gen. Sts. c. 12, s. 25.

Does the statute prohibit a justice of the peace who is also a sheriff, from performing for the grand juror the manual service of writing his complaint? It would seem not.

The opinion of the court was delivered by

ROYCE, J. The complaint upon which the respondent was prosecuted was written by H. W. Lyford while he was a legal deputy sheriff within and for the County of Washington, and discharging the duties of said office. The respondent moved to dismiss the complaint, and the case comes here on exceptions to the *pro forma* ruling of the court, overruling the motion.

8

State *v.* Drew.

Section 26, c. 12, of the Gen. Sts. provides that " no sheriff or deputy sheriff shall be allowed to make any writ, declaration, complaint, or other precept or process, or draw or make any plea, except in his own case; and all such acts shall be void, and such writ, declaration, complaint, or other process, shall be dismissed."

This statute has been construed in *Winchell* v. *Pond*, 19 Vt. 198; *Hunt* v. *Viall*, 20 Vt. 291; and *Walworth* v. *Farwell*, 41 Vt. 212. And the conclusions arrived at in those cases are decisive of the question here made, unless the fact that Lyford wrote the complaint at the request of the town grand juror changes the relation of Lyford to the complaint, and makes the act of making the complaint, in legal effect, the act of the grand juror. In the case of *Winchell* v. *Pond*, before cited, the writ was filled out by the constable, at the request of the attorney for the plaintiff, and under his supervision; and the court held that the writ was made by the constable, and on motion it was dismissed for that reason. The word *make*, as it is used in the statute, means, to form, or compose; and the manual act of writing out a complaint, even though by the dictation of another, by a sheriff or deputy sheriff, is prohibited by the statute. To hold otherwise, would, by judicial construction, defeat the object and intent of the statute, as shown by the reasoning of the court in the cases before cited.

Exceptions sustained, and complaint dismissed.