## DANIEL CONWAY v. JULIUS SEAMONS and TRUSTEE.

*Insolvent Law. Discharge. Constitutional Law. Merger.*

1. A discharge under our insolvent law does not bar a debt contracted before its passage, the creditor in no way becoming a party to the proceedings in insolvency.
2. Nor is such debt discharged though merged in a judgment rendered after the discharge, and which judgment is the basis of this action.
3. A law discharging such debt is unconstitutional.

DEBT on judgment brought in the Municipal Court of Rutland. Judgment for the defendant. The writ was dated May 12th, 1882, and declared in debt on a judgment rendered by said court, July 5th, 1880, which last judgment was upon a judgment rendered by a justice of the peace, July 19th, 1874.

After the rendition of the judgment declared upon in this suit, the defendant filed his petition in the Court of Insolvency for the District of Rutland, and the same was duly proceeded with; and the defendant duly obtained his discharge as an insolvent debtor from all debts and claims which by law he might be discharged

from by the Court of Insolvency; but the plaintiff did not prove his claim, nor in any way consent to such discharge, nor in any way admit the jurisdiction of the Court of Insolvency.

Both parties resided in this State.

*J. E. Manley* and. *G E. Lawrence,* for plaintiff.

An insolvent law discharging a debt existing before its passage is unconstitutional. U. S. Con., Art. 1, s. 10; *Bixby* v. *Woodward,* Windham County, Feb. Term, 1882; 17 Johns. 108. The discharge is no bar. *Walter* v. *Wendall,* 19 Johns. 153; *Moore* v. *McMillan,* 54 Vt. 27; *Whitney* v. *Whitney,* 35 N. H. 457; 6 Wheat. 131.

*P. R. Kendall,* for defendant.

The contract sued upon is the judgment of July 5, 1880.

The plaintiff could elect to retain his debt as it was, or to take a new and better security subject to the provisions of the insolvency law. He could not do both. *Baldwin* v. *Rowell,* 52 Vt. 57·; 15 Gray; *Pierce* v. *Eaton,* 11 Gray, 398; *Bangs* v. *Watson,* 9 Gray, 211; *Austin* v. *Crowly,* 10 Met. 332; *Rindge* v. *Crowly,* 10 Cush. 43.

The opinion of the court was delivered by

ROWELL, J. A discharge under our insolvent law does not bar a debt contracted before its passage, the creditor ·in no way becoming a party to the proceedings in insolvency. *Bixby* v. *Woodward,* Windham County, Feb. Term, 1882. Under the United States Bankrupt Act of 1841, it was held in this State that a judgment on a debt existing at the time of the adjudication of bankruptcy and provable under said act, obtained after adjudication and before certificate granted, was discharged by the certificate. *Harrington* v. *McNaughton;* 20 Vt. 292; *Downer* v. *Rowell,* 26 Vt. 397. In these cases the court looked behind the judgments, to see what they were founded on, and gave effect to the certificates accordingly, and in favor of the debtors. *Clark* v. *Rowling,* 3 N. Y. 216, is to precisely the same effect. It was there argued against the bankrupt that his discharge extended to such debts

only as he owed *at the time of presenting his petition*, and that the judgment sought to be enforced did not then exist, but was rendered subsequently, and therefore was not reached by the discharge. But the court held otherwise, and said : "It is true that the notes, as evidence of an indebtedness, were merged in the judgment, which, being greater security, operated to extinguish the lesser ; but, does it therefore follow that the judgment to all intents became a new debt, and that the merger or extinguishment of the notes was so complete that, for the purpose of protecting the defendants in an equity connected with the original indebtedness, we may not look behind the judgment and see upon what it was founded? A judgment, instead of being regarded strictly as a new debt, is sometimes held to be merely the old debt in a new form, so as to prevent a technical merger from working injustice. And this exception to the doctrine contended for by the plaintiff has obtained especially in cases of insolvency and bankruptcy, for the protection as well of the creditor as the debtor, and has been applied impartially for the benefit of both."

BRONSON, C. J., although he dissented in that case, admitted that for various purposes, courts might look behind judgments, to see what they were founded on, and instanced the case of a fraudulent conveyance by the debtor, and the passage of an insolvent or an exemption law after the contract was made on which the judgment was founded. See *Monroe* v. *Upton*, 50 N. Y. 593.

Massachusetts formerly held the same doctrine. *Betts* v. *Bagley*, 12 Pick. 572. But she has departed from it in recent cases. *Sampson* v. *Clark*, 2 Cush. 173 ; *Bangs* v. *Watson*, 9 Gray, 211 ; *Pierce* v. *Eaton*, 11 Gray, 398 ; *Walcott* v. *Hodge*, 15 Gray, 547 ; *Bradford* v. *Rice*, 102 Mass. 472. The decisions of the Federal Courts of Bankruptcy on this subject are in inextricable confusion, some holding that the theory that the debt is so merged in the judgment as to be extinguished has no applicability under the Bankrupt Act, and that it is not the judgment, but the debt as it existed on the day of the filing of the petition, that is provable Brown's Case, 3 Bank. Reg. 145, and Vickery's Case, *Ib.* 171 ; and others holding the contrary, that neither the debt nor the judgment is provable, that the debt is merged in the judgment,

and that the judgment, not existing at the time of the adjudication, was not provable. Williams' Case, 2 *Ib.* 79 ; s. c., 3 Am. Law Rev. 374, and cases *passim.*

Bump says, page 70, sixth edition, that one or the other might be proved, but that it was not settled which. The English doctrine is the same as that of this State. In *Dinsdale* v. *Eames,* 2 Brod. & B. 8, the defendant in an action on a bail-bond, becoming bankrupt between plea and verdict, and obtaining his certificate after judgment, was discharged from the damages and costs, on the ground that the debt was contracted before defendant's bankruptcy, and might have been proved under the commission.

On the other hand there are instances of the application of this doctrine in favor of the creditor. Thus, in Wendell's Case, 19 Johns. 153, a judgment obtained after the passage of the New York insolvent law of 1813, on a debt contracted before the act, was held not discharged by a certificate under the act. Chief Justice Spencer thought that to hold otherwise would be an evasion of *Sturges* v. *Crowningshield,* 4 Wheat. 122, that a state insolvent law cannot discharge a debt contracted before its passage. *Wyman* v. *Mitchell,* 1 Cow. 316, is another instance. It was debt on a judgment rendered by the Supreme Court of New York in August, 1816. Defendant pleaded his discharge under the New York insolvent act of 1813, granted on Dec. 30, 1817. Plaintiff replied that the judgment declared on was rendered on a judgment obtained in Maine in 1814, on certain notes there made to him by the defendant before the passage of said act. The court held that although the defendant's original undertaking was so merged in the judgment that no suit could be maintained upon it, yet, that it was proper to inquire into the time and circumstances of the contract upon which the first judgment was founded, for the purpose of taking the case out of the operation of the defendant's discharge. In *Betts* v. *Bagley,* Chief Justice Shaw fully adopts the doctrine of that case, and says that " any other decision would carry the technical doctrine of merger to an inconvenient extent, and cause it to work injustice." In *Haggerty* v. *Amory,* 7 Allen, 458, Judge Merrick says " this is the universal rule." In that

case a discharge in bankruptcy was pleaded in bar of an action on a judgment recovered in New York before the granting of the discharge but after the commencement of the proceedings in bankruptcy, upon a debt that existed before the commencement of such proceedings, and the discharge was held a bar. But the case was put upon the ground that as the discharge might have been pleaded in bar to an action on the judgment in New York, and would have constituted a good defence there, the defendant had the same right to plead it in defence of a like suit pending in the courts of Massachusetts, where it would have the same force and effect to which it was entitled in New York. The same doctrine seems to be recognized in *Palmer* v. *Preston*, 45 Vt. 154, although the point of that case is, that as the record showed that the judgment was founded on a debt created by contract, and contained no suggestion of fraud, the judgment, in an action upon it, was conclusive as to the manner in which the indebtedness on which it was founded was created, and that the judgment creditor could not go behind it, to show that it was in part founded on " a debt created by fraud," for the purpose of defeating the defence of a discharge in bankruptcy.

Now if we are to look behind the judgment for the purpose of giving the discharge effect, as this court did in *Harrington* v. *McNaughton* and *Downer* v. *Rowell*, why must we not look behind it for the purpose of defeating its effect ? Must not the rule " work both ways ?" We see no distinction in principle between the two cases. No such distinction is made in Massachusetts, but both cases are there put on the same ground. Nor do we think that the very means adopted by a creditor to enforce his debt, valid as against the insolvent law, should be made the instrument of defeating it altogether. Besides, we think with Chief Justice Spencer, that to hold the certificate a bar in this case, would be to evade the decisions of the Supreme Court of the United States, and impair the obligation of the plaintiff's original contract.

Judgment reversed, and judgment for the plaintiff for the amount of the judgment declared on, with costs. The trustee adjudged chargeable according to disclosure.