P. O. HUNDLEY, APPELLANT, v. S. C. CHANEY, RESPONDENT.

65  363
79  184

INSOLVENCY—EFFECT OF DISCHARGE ON PRIOR DEBTS.—A discharge under the Insolvency Act of April 16, 1880, bars an action on a judgment rendered in 1876.

APPEAL from a judgment of the Superior Court of Butte County.

The facts are stated in the opinion of the court.

*A. F. Jones*, and *F. C. Lusk*, for Appellant.

*C. G. Warren*, and *Park Henshaw*, for Respondent.

THORNTON, J.—Action on a judgment rendered in August, 1876. This action was commenced on the 14th of June, 1881. Defendant set up a discharge from this debt on the 14th of March, 1881, in an insolvency proceeding under the Act of April 16, 1880. (See Stats. 1880, p. 82.) Judgment passed for defendant, and from it plaintiff prosecutes this appeal.

It is contended on behalf of appellant that the discharge under the Act of 1880 does not affect this debt which was contracted and existed prior to the passage of that act, the plaintiff having in no manner, whether by paying his debt or otherwise, submitted himself to the jurisdiction of the court adjudging the discharge, or made himself a . party to the proceedings in insolvency.

To sustain this contention we are referred to several cases: *Sturges* v. *Crowinshield*, 4 Wheat. 122; *Bank* v. *Smith*, 6 Wheat. 131; *McMillan* v. *McNeill*, 4 Wheat. 209; *Ogden* v. *Saunders*, 12 Wheat. 213; *Conway* v. *Seamons*, 55 Vt. 8; 28 Alb. L. J. 190.

This general rule is no doubt the true and correct one, established by abundance of authority.

Under the Insolvency Act as it stood prior to the Act of 1880, which was repealed by the Act of 1880, except so far as it was not in conflict with the latter act, with a proviso that such latter act should in no manner invalidate or affect any case in insolvency instituted and pending when it took effect (Act

1880, § 68; Stats. 1880, p. 99), the defendant might have obtained his discharge from the debt herein. When we speak of prior Act of Insolvency, however, we mean the Act of 1852, as amended. So far as the prior act is consistent with the provisions of the Act of 1880, it continued in force and was allowed to remain the law of the land. The proceeding involved in this case is one instituted by the debtor, styled in the Act of 1880 one of voluntary insolvency. The modifications introduced by the latter act imposed greater burdens on the debtor applying for a discharge under it, than those imposed by the prior act. By a comparison of these acts it will be seen that by the former act any debtor might apply to be discharged, whether his indebtedness amounted to three hundred dollars or not. (Act 1852, §§ 1, 2.) Under the Act of 1880 the debtor applicant must be indebted to the amount of three hundred dollars. (Act 1880, §§ 1, 2.) The schedule alone is required to be sworn to under the prior act. (Act 1852, §§ 1, 2, 3, 4.) The act passed in 1880 requires the petition, schedule, and inventory to be verified. (Act 1880, §§ 1, 2, 3, 4, 5.) No inventory or valuation are mentioned in the former act as in the latter. (Act 1880, §§ 2, 4.) The first act required notice of meeting of creditors to be given by publication. (§ 8.) The latter act by publication and service of copy of order for such meeting by mail, with postage pre-paid, or personally, on all creditors named in the schedule. (§§ 6, 7.) Under the former act the debtor was entitled to be discharged, on a surrender of his property made according to the provisions of the act, when there was an accusation of fraud, and such charge has been declared to be unfounded, or if there be no opposition to the surrender. (§ 24.) Under the latter act no discharge can be granted until after three months from the adjudication in insolvency, and that upon notice to all the creditors who have proved their debts, which notice is to be given to such creditors by publication and by mail. The provisions in relation to discharge are more stringent under the Act of 1880 than under the act previously existing. This will be seen by comparing section 48 of Act of 1880 with sections 20, 21, 22, 23, 28 of the act as it formerly stood. It will thus be seen that greater burdens are imposed by the Act of 1880 on the debtor than by

the act as it was when the debt involved herein was contracted.

The debtor had a right under the former law to be discharged from the debt. The existing law (Act 1880) requires more of the debtor than the former one. The latter act is, in effect, a continuation of the former one, with provisions more stringent and burdensome imposed on the insolvent. We think that under these circumstances the debtor was entitled to his discharge. Such was the ruling of the Supreme Court of New York in regard to their insolvent laws. (See *Bryar* v. *Willcocks*, 3 Cowen, 164; *Mather* v. *Bush*, 16 Johns. 240, 251; *Matter of Wendell*, 19 Johns. 153.) The defendant, under the act existing before the Act of 1880, was entitled to his discharge. Such was the law under which the contract was made. The parties had this law in contemplation, and had no thought of the Act of 1880 when the contract was made. Should, then, the defendant be denied his discharge because he has complied with an act requiring more of him than the prior act? We think not. (*Bryar* v. *Willcocks*, 3 Cowen, *supra*.)

Judgment affirmed.

MYRICK, J., and SHARPSTEIN, J., concurred.

Hearing in Bank denied.