[No. 11926.   Department Two. — May 20, 1889.]

FRANK F. PORTER, APPELLANT, *v.* ALFRED IMUS, RESPONDENT.

CONSTITUTIONALITY OF INSOLVENCY ACT OF 1880 — IMPAIRING OBLIGATION OF DEBTS PREVIOUSLY CONTRACTED. — Under the insolvency act of 1880, a discharge can be granted of a debt contracted in 1878.

ID. — DEBTS TO RESIDENTS OF OTHER STATES — BURDEN OF PROOF. — The certificate of discharge is *prima facie* valid, and a discharge of all previous debts, with certain specified exceptions. If the creditor was a resident of another state, the burden is on him to show such fact.

APPEAL from a judgment of the Superior Court of Santa Cruz County.

The facts are stated in the opinion.

*Joseph H. Skirm,* for Appellant.

Unless the plaintiff was a citizen or resident of California at the time the note was executed, or subsequently, the discharge of the defendant in insolvency was inoperative as against him. (*Rhodes* v. *Borden,* 67 Cal. 7.)

*S. F. Geil,* and *H. V. Morehouse,* for Respondent.

HAYNE, C.—Action upon a promissory note made and payable in this state, and dated in 1878; defense, a discharge in insolvency obtained in 1881. The court below gave judgment for the defendant, and the plaintiff appeals.

The first point is, that the insolvency act of 1880 impairs the validity of the contract; in other words, that under that act a discharge could not be granted which would bar a debt contracted in 1878. This precise question, however, has been decided against the appellant. (*Pomeroy* v. *Gregory,* 66 Cal. 574; *Hundley* v. *Chaney,* 65 Cal. 363.)

The only other point made is, that it is not pleaded or found that the plaintiff was a citizen or resident of the state. The insolvency act provides, however, that the discharge shall be a bar to all the debts which were or might have been proved, with certain specified exceptions (of which this is not one), and " may be pleaded by a simple averment that on the day of its date such discharge was granted to him, setting forth the same in full, and the same shall be a complete bar to all suits brought on any such debts, claims, and liabilities or demands, and the certificate shall be *prima facie* evidence in favor of such facts, and of the regularity of such discharge." (Sec. 53.)

Under this provision, if the plaintiff was not a citizen or resident of the state, and consequently not affected by the discharge, he should have proved the fact.

· We therefore advise that the judgment appealed from be affirmed.

FOOTE, C., and BELCHER, C. C., concurred.

The COURT.—For the reasons given in the foregoing opinion, the judgment is affirmed.