## HUHN v. LANG *et al.*, *Appellants.*

### Division Two, June 12, 1894.

1. **Justice's Court:** EXECUTION: PREMATURE RETURN. Under section 6302, Revised Statutes, 1889, making executions issued by a justice of the peace returnable in ninety days from its date a prior return is premature and irregular.

2. **Statute:** COMPUTATION OF TIME. The time within which an act is to be done should be computed by excluding the first day and including the last. (R. S. 1889, sec. 6570.)

Huhn v. Lang.

3. **Execution**: JUSTICE'S TRANSCRIPT: NULLA BONA RETURN. An execution from the circuit court on a transcript from a justice is valid, if defendant is a nonresident, without a return of *nulla bona* on the execution from the justice.

4. **Officer**: CONSTABLE: SHERIFF. The duties and powers of a constable within the jurisdiction of the justice are identical with those of a sheriff.

*Appeal from Jackson Circuit Court.*—HON. JAMES GIBSON, Judge.

REVERSED.

*Thompson & Wilcox* for appellants.

(1) The justice's execution was issued on September 28, 1888, and returned December 26, 1888. In *Whitman v. Taylor* an execution was issued on September 8 and returned December 5, and the court say it was returned on the eighty-ninth day. Then in this case the execution was returned on the ninetieth day, the right day for the return. *Whitman v. Taylor*, 60 Mo. 127. (2) Furthermore, no return of *nulla bona* was necessary to authorize the clerk to issue execution, for the execution debtor, McDonald, became a nonresident of Missouri in June, 1889, and has remained such ever since, while the clerk's execution was not issued till December 5, 1889. R. S. 1889, sec. 6287; *Sachse v. Clingingsmith*, 97 Mo. 406. (3) An officer must deliver unexecuted writs to his successor. Hermann on Executions, sec. 148, p. 207; *Fondrin v. Bank*, 7 Humphrey, 447; *State v. Parchmen*, 3 Head, 609; *Neil v. Beaumont*, 3 Head, 556. The same rule governs a constable in execution of justice of the peace process as governs a sheriff in execution of process from a higher court. *Pixley v. Butts*, 2 Cow. (N. Y.) 421.

*Fyke, Yates & Fyke* for respondent.

(1) The execution issued by the justice of the peace was returned too soon. It was issued September 28, and was returned December 26. Section 6570, Revised Statutes, 1889, provides: "The time within which an act is to be done shall be computed by excluding the first day and including the last." Under this rule, the day upon which the execution was issued must be excluded, so that but two days remained in September, thirty-one days in October, thirty days in November and twenty-six days in December, aggregating eighty-nine days. (2) The execution having been returned prematurely, the execution issued by the clerk of the circuit court was improperly issued and the sale thereunder can be set aside in this direct proceeding. *Dillen v. Rash*, 27 Mo. 243; *Whitman v. Taylor*, 60 Mo. 127; *Marks v. Hardy*, 86 Mo. 238. (3) The execution having been returned by a different officer than the one to whom it was delivered, as appears by the indorsements thereon, such return was not sufficient to authorize the clerk of the circuit court to issue execution on the transcript. *Barley v. Tipton*, 29 Mo. 206; Freeman on Executions, sec. 354; Murfree on Sheriffs, sec. 856; Hermann on Executions, p. 377, sec. 235.

GANTT, P. J.—This was an action commenced in the circuit court of Jackson county to set aside a sheriff's deed and a subsequent quitclaim from the judgment debtor to the purchasers.

In the year 1888, John A. McDonald was the owner of the north thirty-four feet of lot 4, Troost Avenue Heights, an addition to Kansas City, Missouri. McDonald conveyed the lot to John H. Reed, and Reed sold and conveyed it to plaintiff, Reka Huhn, in 1889.

William I. Lang obtained a judgment against Mc-Donald on June 9, 1888, for $66 and costs, before J. T. Clayton, a justice of the peace within and for Kaw township in Jackson county, and on June 12, 1888, filed a transcript of said judgment in the office of the clerk of the circuit court of said county prior to the conveyance to Reed by McDonald. On the twenty-eighth day of September, 1888, the justice issued an execution on said judgment directed to, and it was received by, the constable of Kaw township. Ezra W. Kingsbury was constable at the time, and received said execution. His term of office expired in November, and Thomas C. Clary was elected and qualified as his successor, as constable of said township. Kingsbury turned over the execution to Clary without having returned it. Clary returned it with the following indorsements on it:

"Received by me this twenty-eighth day of September, 1888.          E. W. KINGSBURY,
"Constable of Kaw township."

"Executed the within execution in the county of Jackson and state of Missouri on the twenty-sixth day of December, A. D. 1888, by making diligent search and failed to find any goods, or chattels on which to levy this execution since the twenty-eighth day of September, 1888, and returned the same not satisfied.

"THOMAS C. CLARY, Constable."

"By H. J. Bone, D. C."

McDonald was a resident of said township at the time the justice rendered judgment, and remained such until June, 1889, since which date he has been a non-resident of the state. Lang sued out an execution from the office of the circuit court on December 5, 1889, and the lot was sold on January 14, 1890, and Lang became the purchaser and obtained his sheriff's deed, which recited a notice of the sale in the Kansas City Times

and a sale of all the right, title and interest of McDonald in said lot. This sheriff's deed was duly acknowledged and recorded in the recorder's office in Book B, number 390, page 306.

Lang, on June 1, 1890, sold and conveyed said real estate to defendant, Sarah DeViney. Sarah DeViney and her husband, defendant John DeViney, on July 1, 1890, executed a deed of trust to defendant, George Hoffmann, to secure to defendant Lang the sum of eight hundred and fifty dollars ($850). On the ———— day of February, 1890, defendant McDonald executed a quitclaim deed conveying said real estate to defendant Lang.

The transcript of said justice's judgment referred to in said sheriff's deed was filed in the office of the clerk of the circuit court aforesaid prior to the conveyance of said real estate by said McDonald to said Reed, plaintiff's grantor. And hence, if the law has, in all respects, been complied with, in reference thereto, the same constituted a lien upon the said real estate.

Plaintiff asks that the sheriff's sale be set aside and that the various deeds above mentioned under which defendants claim be declared null and void for the following reasons: *First.* That the execution issued by the justice of the peace was returned too soon. *Second.* That the execution issued by the justice of the peace was received by one constable and returned by another, his successor.

Defendant's answer admits the matters set out in the petition as to the conveyances and denies other matters not now in issue.

By the statute, executions issued by justices of the peace are required to be dated on the days they are issued, and be returnable *in ninety days from their date;* they are required to be directed *to the constable of the township where the justice resides,* and run against the

goods and chattels of the defendants. The party recovering the judgment can file a transcript in the office of the clerk of the circuit court and it becomes a lien on real estate from the time of filing the transcript as judgments of the circuit courts, but no execution can be sued out of the circuit court on the transcript judgment *if the defendant is a resident of the county,* "*until an execution shall have been issued by the justice* directed to the constable of the township in which defendant resides, * * * and *returned that the defendant had no goods or chattels* whereof to levy the same." Section 2999, R. S. 1879; section 6287, R. S. 1889, amended.

I. It will be observed that this is a direct proceeding to set aside the sale, not a collateral attack upon it. The rule has obtained in this state since the decision in *Dillon v. Rash,* 27 Mo. 243, that when the time is fixed by law for the return of an execution it should not be returned before that time, and if it is, it is an irregularity. *Marks v. Hardy,* 86 Mo. 232. The statute gave ninety days in this case. The writ issued September 28 and was returned December 26. By section 6570, R. S. 1889, "the time within which an act is to be done shall be computed by excluding the first day and including the last." Excluding September 28, the day of issue, and counting the twenty-sixth of December, we have eighty-nine days. This execution was returned prematurely.

If the right to an execution from the office of the circuit clerk depended, then, on the execution from the justice and a *nulla bona* return, at the expiration of ninety days, it is clear that the plaintiff in that judgment was not entitled to it, but it is only when the defendant is a resident of the county that there is any restriction placed upon the transcript judgment creditor. Under all other circumstances he has all the privileges

and rights that pertain to creditors who have obtained judgments in the circuit court in the first instance.

The sheriff's deed in this case makes no recital of the issue of an execution by the justice and a *nulla bona* return, and the agreed statement of facts concedes that McDonald became a nonresident of the state in June, 1889, and continued so until the execution was issued by the circuit clerk, December 5, 1889. The language of the statute is that "no execution shall be sued out of the court where the transcript is filed, *if the defendant is a resident of the county.*" "If he is a resident," when? Manifestly, when the execution is sought from the circuit court; if he is not then a resident there is no obstacle in the way of obtaining the execution. It goes as a matter of right as on any other judgment of the circuit court. This was so ruled by this court in *Sachse v. Clingingsmith*, 97 Mo. 406, and, we think, correctly. The deed was sufficient on its face, and the facts *aliunde* the deed support, instead of impeaching, its recitals.

II. It becomes unnecessary to pass upon the other contentions that Kingsbury had no right to turn over the justice's execution to Clary, his successor. The statute provides that in such cases a sheriff shall turn over all unexecuted writs to his successor. Revised Statutes, 1889, sec. 4958. The duties and powers of the constable within the jurisdiction of a justice are identical with those of a sheriff, and the same reasons exist why the unexecuted writs in his hands should be turned over to his successor as in the case of a sheriff. In Vermont and Oregon the word "sheriff" has been treated in similar statutes as generic, and broad enough to include constables. *Winchell v. Pond*, 19 Vt. 198; *Hume v. Norris*, 5 Oregon, 478.

There is much good sense and reason for the conclusion which these courts reached, but it is not

necessary for the determination of this cause, and we express no opinion under our statutes. We think the circuit court erred in setting aside the sale, and its judgment is reversed. BURGESS and SHERWOOD, JJ., concur.