May Term,<br>1841.<br><br>Wilcox<br>v.<br>Ratliff.

---

## Wilcox *v.* Ratliff.

A *sci. fa.* to have execution in the Circuit Court on a justice's judgment
rendered by default, stated that the summons of the justice had been serv-
ed on the defendant, but omitted to show the time of its service. *Held*,
that the *sci. fa.* could not be objected to on account of that omission, as it
must be presumed, the contrary not appearing, that the summons was
served in time.

If such *sci. fa.* be against two persons, and be returned executed as to one
and not found as to the other, the plaintiff may proceed for an award of
execution against the defendant on whom the writ was served.

When a constable having in his hands a *fi. fa.*, has made one full examina-
tion for goods without effect, he may return the execution *nulla bona.*

ERROR to the *Hendricks* Circuit Court.

BLACKFORD, J.—A *scire facias* was issued from the clerk's
office of the Circuit Court in favour of *Ratliff* against *George
H. Keller* and *Harden H. Wilcox.* The *scire facias* states,
that the plaintiff had filed in the clerk's office a transcript of
the judgment and proceedings of a justice of the peace; that,
as shown by the transcript, the justice had issued a summons
in favour of the plaintiff against the defendants, in a suit on
a promissory note; that the summons was issued on the 24th
of *February*, 1838, and was returnable on the 3d of *March*
following; that on the said 3d of *March*, the constable re-

Monday,<br>May 31.

turned the summons as served by reading, and judgment was rendered by the justice against the defendants by default, for the amount of the note; that on the said 3d of *March*, an execution issued on the judgment returnable in 30 days, and was returned on the 13th of the same month, " no property." After these statements, the *scire facias* commands the sheriff to summon the defendants to appear and show cause, on, &c., at, &c., why execution should not issue on the judgment, against their goods and chattels, lands and tenements.

The record shows that the *scire facias* was served on *Wilcox*, and was returned " not found" as to *Keller*.

Wilcox demurred to the *scire facias;* but the demurrer was overruled, and execution awarded against him.

The plaintiff in error contends, that as the judgment of the justice was by default, the *scire facias* ought to show that the summons had been served on the defendants three days before the time for appearance. R. S. 1838, p. 366. But it appears to us, that as the summons was returned executed, we may presume, the contrary not appearing, that it was served in time.

It is also contended, that the constable should not have returned the execution *nulla bona*, without taking the time allowed by law to find property. But there is no ground for this objection. When a constable having in his hands a *fieri facias*, has made one full examination for goods without success, he is at liberty to return the execution *nulla bona*.

It is also contended, that execution could not be awarded against one of the defendants alone. But, considering the return of the *scire facias*, we think the spirit of the 9th section of the practice act authorizes the proceeding in question. R. S. 1838, p. 446.

*Per Curiam.*—The judgment is affirmed with costs.

*C. C. Nave*, for the plaintiff.

*W. Quarles*, for the defendant.