MIDDLEWOOD *v.* NEVITT.

A constable having in his hands a *fi. fa.*, issued under the statute of 1842, may, on finding no goods on which to levy, return the execution before the return-day.

ERROR to the *Dearborn* Circuit Court.

SULLIVAN, J.—*Scire facias* by the plaintiff against the defendant as replevin-bail for one *Belding*. The suit was commenced before a justice of the peace. The cause was appealed to the Circuit Court, and on motion of the defendant the Circuit Court dismissed the suit. It appears that the execution, on the original judgment in favour of the plaintiff against *Belding*, was returned in less than 120 days from its date, and a bill of exceptions informs us that the cause was dismissed for that reason.

These proceedings were had under the act of 1842, the 4th section of which provides that "all executions, issued by a justice of the peace, shall be made returnable at the expiration of 120 days and not sooner, so that not more than three executions shall be issued by a justice of the peace in any case in a period of twelve months." Acts of 1842, p. 65. Previously to the enactment of that statute the law was, that executions issued from a justice's Court should be made returnable in 30 days. Under that law we decided, in a. case somewhat analogous to the present, that a constable was not bound to take all the time allowed by law before he returned an execution *nulla bona;* but that having made a full examination for goods without success, he was at liberty to return it. *Wilcox* v. *Ratliff*, 5 Blackf. 561. The act of 1842 is not inconsistent with that decision. It is imperative as to the number of executions to be issued within twelve months, and that an execution shall not be made returnable sooner than four months from its date, thereby intending to

prevent defendants from being unnecessarily harassed; but it does not compel the constable to hold the writ in his hands until the return-day, if there be no goods of the execution-defendant on which to levy it.

We think the officer was at liberty to make the return when he did, and that the return laid the foundation for a suit against the bail, which the plaintiff might prosecute immediately.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*J. Dumont*, for the plaintiff.

*J. Ryman* and *P. L. Spooner*, for the defendant.