BRADBURN *v.* BURGET.

CONTRACT.—*A* and *B* entered into a written contract, by which *A* sold to *B* a tract of land, and *B* agreed to resell the land to *A* at any time before *January* 1, 1858, for $500, or to pay *A* whatever sum above $500 " the land would fetch, between this date *(March* 11, 1857) and *January* 1, 1858, with one reasonable payment."

*Held,* that an instruction of the lower court, interpreting the contract as meaning that, unless $500 cash was realized before *January* 1, 1858, *A* would be entitled to nothing under its provisions, was erroneous.

WITNESS.—The court, on motion of the defendant's counsel, stopped the plaintiff while testifying as to matters alleged in his reply, and proper to be given in evidence. No reason appears in the record for the action of the court.

*Held,* that it was erroneous.

APPEAL from the *Clinton* Common Pleas.

FRAZER, J.—The appellant was the plaintiff below. His complaint shows that the defendant and one *Jones* entered into a written contract, by which *Jones* sold to the defendant a tract of land; that the defendant agreed to resell the

land to *Jones* at any time before *January* 1, 1858, for $500, or to pay *Jones* whatever sum above $500 " the land would fetch between this date (*March* 11, 1857) and the 1st of *January*, 1858, with one reasonable payment;" that the land was sold within the time for $600, and that sum collected and received therefor by *Burget*, and that *Jones* had assigned the contract to the plaintiff. Answer, general denial, payment, and a special paragraph alleging that the sale was made at *Jones'* solicitation; that two notes, on third parties, were taken in part payment therefor, *Jones* agreeing and guaranteeing that they should be paid promptly and by *January* 1, 1858; and for the balance ($300) the purchaser's notes were taken, payable after *January* 1, 1858, *Jones* agreeing that they should be paid; that the notes taken in part payment were not paid within the time—that is, prior to *January* 1, 1858; that the purchaser, being insolvent, did not pay his notes, and the same could not be collected by law; that, by agreement between the purchaser and defendant, the contract of sale was canceled, and the amount of the other notes which had beeen received in part payment was paid back, and the land sold to another purchaser, long after *January* 1, 1858. Reply, general denial, and to the special paragraph, that the contract of sale was never canceled; that the defendant fully collected the notes taken in payment; and that, though the unpaid installments were not paid when due, they were afterward paid by the purchaser, with ten per cent. interest thereon, after maturity, and $50 for damages for delay; and that thereupon the defendant conveyed the land to another party, in pursuance of a sale which the purchaser from him had made thereof, and every other part of that paragraph of the answer is denied.

The evidence was very conflicting and contradictory. The plaintiff was a witness, and after having testified as to some of the facts, and having commenced to state other matters certainly proper to go in evidence, the bill of

exceptions informs us that "the defendant's counsel objected to the witness proceeding, and the court sustained the objection." No reason is apparent for this action of the court. The witness was testifying to the matters alleged in the reply when thus stopped. The plaintiff's counsel then offered to prove by the witness other facts alleged in the reply, (specifying them,) but the court refused it. This whole action of the court was erroneous, in our opinion. The facts thus offered in evidence, if true, would have been a successful denial of part of the matters alleged by the special paragraph of the answer, and upon which, as the evidence shows, the defendant solely relied upon the trial.

Evidence of *Jones'* declaration, that he would lose $100 unless the maker of one of the notes, taken by the defendant in part payment for the land, paid it before *January* 1, 1858, was admitted, over the objection of the plaintiff, and this is assigned for error. There is no error in it. It was material to an issue made by the pleadings. The defendant proceeded evidently upon the ground that it was material to determine whether *Jones* agreed to waive his right to all benefit of his contract if those notes were not paid before *January* 1, 1858. But no such agreement is pleaded. The allegation is that he guaranteed and agreed that the notes should be so paid. A breach of that contract would not work a forfeiture of his rights under the written agreement sued on. The reply, however, denied the allegation of the answer, and the evidence tended to show that he had some interest in the payment of those notes by the time fixed, which, as a witness, he denied. It went to corroborate other positive evidence of the defendant, which was thus by *Jones* contradicted.

The court gave several instructions to the jury, which went upon the theory that the jury were to find whether or not *Jones* had waived his rights under the contract sued on. As there was no such issue made by the pleadings, of course the giving of such instructions was error.

The second instruction, given on the defendant's request, interprets the contract sued on as meaning that, unless $500 in *cash* was realized on the sale of the land by *January* 1, 1858, *Jones* would be entitled to nothing under its provisions. We are of a different opinion. It provides that *Jones* was to "have all over $500 that the land will fetch between this date and the first of *January*, 1858, with *one reasonable payment.*" It is plain that the words in italics contemplate that one installment may mature after the date fixed; the amount of that installment and the time of its payment to be reasonable, in view of all the circumstances.

Judgment reversed, with costs; cause remanded, with directions to grant·a new trial.

*Henry Y. Morrison* and *James N. Simms*, for appellant.