## William R. Armstrong v. John D. Elliott.

*Agency: Authority: Purchase: Third persons: Price.* Authority to an agent to purchase a certain mare for his principal at a limited price would not justify the agent in sending a third person to buy it, and then buying it of him at an advance, though it be within the limit prescribed.

*Heard April 28.    Decided July 14.*

Error to Macomb Circuit.

*Edgar Weeks* and *A. B. Maynard,* for plaintiff in error.

*Irving D. Hanscom* and *Hubbard & Crocker,* for defendant in error.

COOLEY, J.

Elliott sued Armstrong to recover the sum of seven hundred dollars which he claimed to have paid for Armstrong at his request. The facts, as he claimed them to be, were, that Armstrong was desirous of purchasing a certain fast mare owned by one Keith, and on the supposition that Elliott could deal with Keith to better advantage than he could, employed him to make the purchase. Elliott, instead of going in person to Keith, sent one Bristol, who purchased the mare as his own, for six hundred dollars, and transferred it to Elliott for Armstrong for seven hundred, which was within the limit fixed by Armstrong in giving the au-

thority to buy, if he gave any.    There was conflicting evidence as to whether Armstrong had ratified the transaction; and on the supposition that the jury would find no ratification, Armstrong requested the court to charge the jury that although they should find the plaintiff was authorized by the defendant to purchase the mare of Keith, this would not authorize him to purchase it of Bristol, or any one but Keith.    This request was refused.

The exception taken to this request is, that it assumes the authority proved was authority to purchase the mare of Keith, while in fact it was authority to purchase the Keith mare, and might be well executed by a purchase from any one who had become owner.    But this instruction must be construed in the light of the facts in evidence; and in substance thus construed, it is this: that if Armstrong authorized Elliott to buy the mare, this would not justify Elliott in sending Bristol to buy it, and in buying it of Bristol at a higher price.    And this instruction should have been given.    The authority given by Armstrong must be understood as contemplating a purchase of the mare by Elliott at such price as the owner would consent to sell it for, not exceeding the limit prescribed; and we cannot understand it as authorizing the bringing of a third party into the transaction to make something out of it on his own behalf.    Without doubt an authority might be given which would be broad enough to warrant this; but in this case Elliott himself, who testifies to the authority, only says, " he requested me to make the purchase; said he wished I would go to Almont and buy the Keith mare for him; thought I could get her perhaps one hundred dollars cheaper than he could; that he had been trying to purchase her and could not get any price on her."    There is no ground here for the conclusion that Armstrong expected or would consent to pay a profit to an intermediate purchaser who might be sent by Elliott to buy the horse in order to re-sell it.    His authority contemplated only one purchase, and not a succession of them for the profit of third persons.

The judgment must be reversed, with costs, and a new trial awarded.

CHRISTIANCY and CAMPBELL, JJ., concurred.

GRAVES, CH. J., did not sit in this case.