## WILLIAM WHITEHEAD v. JOHN F. HELLEN.

A sheriff may return an execution before the return term thereof, if it be satisfied, or if there can be no property found, out of which to satisfy the same.

(*Hutchinson* v. *Symons*, 67 N. C. Rep. 156, cited and approved.)

This was a Proceeding supplemental to execution, heard before *Moore. J.*, at Spring Term, 1875, of Pitt Superior Court, upon appeal from an order of the Probate Court.

Two judgments were rendered against the defendant and in favor of the plaintiff at Fall Term, 1874, amounting in the aggregate sums thereof, to about $1,000, which judgments were regularly docketed in the Superior Court of said county, and executions issued thereon from Fall Term, 1874, returnable to Spring Term, 1875. These executions were returned on the — day of November, 1874 "unsatisfied," and shortly thereafter, to-wit, on the 14th day of November, the plaintiff made affidavit before the clerk as the foundation of these proceedings.

The clerk issued his order for the examination of the judgment debtor, returnable before him on the 18th day of November, 1874, and the hearing was on that day continued until the 20th of November, at which time the defendant appeared with counsel and moved to dismiss the proceeding, for the reason that the executions against the defendant, upon which the proceeding was based, were unduly returned, in that they should not have been returned until the regular term of the court to which they were made returnable, to-wit, Spring Term, 1875, and the sheriff was bound to hold the executions until the actual meeting of the court, and had no right to return them before.

To sustain this motion, the court allowed the defendant to prove by the deputy sheriff, that at the time the sheriff made

the return on the executions, he had seized under other and older executions, and then had in his possession, eight bales of cotton, an old iron safe and a wardrobe, the property of the defendant.

Upon the cross examination it appeared that the property seized did not exceed in value $550, and that it was all that could be found belonging to the defendant, after allotting his personal property exemption. It also appeared, that the older executions under which the property had been seized, amounted to more than $900.

The clerk sustained the motion of the defendant and dismissed the proceeding, from which ruling the plaintiff appealed.

The appeal was heard before *Hilliard, J.*, at Chambers, on the 15th day of December, 1875, and upon the hearing the defendant produced the notice served upon the plaintiff, to the effect that he should move the court to set aside the return of the sheriff, upon said execution.

Upon the hearing of this motion the defendant offered to prove that there was collusion between the plaintiff and the sheriff in making said returns. The court refused to hear the evidence, holding that the court must decide the case upon the record.

After argument the court dismissed the proceeding and remanded the case to be proceeded with according to law.

On the — day of January, 1875, after notice to both parties, the case came on for a hearing in the Probate Court, when the defendant appeared and renewed the motion to dismiss upon the grounds aforesaid, producing a notice served upon the plaintiff to the effect that he would move the court to set aside the said returns of the sheriff; and upon this requested the court to hear evidence in support of the motion.

The clerk overruled the motion to dismiss and proceeded to examine the judgment debtor, who admitted under oath that James H. Hellen owed him $41.50, Kinchen Jenkins $95, E.

L. Laughinghouse $85, Wiley Clark $1,100, N. R. Covey $10, and T. J. Smith $20.

The clerk thereupon ordered that J. A. Sugg be appointed receiver of the property and effects of the defendant, the judgment debtor, and that said receiver be invested with the usual rights and powers of receivers.

From this order, and the ruling, refusing to dismiss the proceeding, the defendant appealed to the Superior Court.

The case was heard upon appeal before *Moore, J.,* at Spring Term, 1875, when the defendant again moved the court to dismiss the proceeding upon the grounds heretofore set out.

The court inquired of the defendant if he charged that there was fraudulent collusion between the sheriff and the plaintiff in making the return. The defendant replied that he did not, but on the contrary expressly declared that he did not mean to charge that the sheriff had acted corruptly or improperly. He only meant to say that the return was made at the suggestion of the plaintiff to enable him to institute these proceedings, and that this amounted to legal collusion.

Upon this statement, the court declined to dismiss the proceeding, but made the following order:

"The above named defendant, John F. Hellen, having been examined before Henry Sheppard, Clerk of the Superior Court of Pitt county, in proceedings supplemental to execution, and the defendant having appealed from the order appointing J. A. Sugg a receiver of the goods and effects of the defendant, *it is ordered:*

1. That the order of the clerk be approved, and the said J. A. Sugg be appointed receiver of all the property of the said judgment debtor, not exempt from execution.

2. That the said receiver execute to the clerk of this court a bond, with sufficient securities, to be approved by the said clerk in the penalty of three thousand dollars, for the faithful performance of his said trust, and file the same with the clerk of said court for the county of Pitt.

3. That the said receiver be invested with the usual rights and powers of receivers in such cases, upon the filing of said bond.

4. That the said judgment debtor, John F. Hellen, deliver to the said receiver all money and other property now in his hands not exempt from execution, as well as all the notes, bonds and choses in action given in, in his examination before the said clerk."

From this order the defendant appealed.

*Battle & Son*, for appellant.
*Moore & Gatling*, contra.

SETTLE, J. Can a sheriff, who has in his hands an execution issued from Fall Term, 1874, returnable to Spring Term, 1875, return the same in vacation, or must he hold it until term time and return it to court ?

This question being determined, everything else, in this case, will follow as a matter of course.

If an execution be satisfied soon after the adjournment of the court from which it issued, why should the sheriff be compelled to retain the money in his own hands until the term to which the execution is returnable ? Would it not be better for all concerned, that he should pay the money, either into office or to the party entitled thereto ?

And if, on the other hand, it be apparent that nothing can be found, out of which satisfaction can be had, why may he not return the execution "unsatisfied," at any time before the regular term of court ?

That is the limit beyond which he may not delay, but there is no good reason why he should delay so long, if no useful purpose is to be served thereby.

But the defendant says the sheriff had signed, and then had in his possession his property, to-wit : eight bales of cotton, an old iron safe and a wardrobe, under other and older

executions in his hands, and had not sold the same when he returned the executions in favor of the plaintiff "unsatisfied." In reply to this it is shown that the value of all the property seized, or to be found, belonging to the defendant, after setting apart his exemptions, does not exceed five hundred and fifty dollars, and that the executions in the hands of the sheriff, older than the plaintiff's executions, and under which the property aforesaid had been seized, amounted to over nine hundred dollars.

The statement renders it perfectly clear that the sheriff could not make the debt by keeping the execution in his hands until term time. Then why should he do so, and thereby put an obstacle in the way of collecting the debt, when by promptly returning the facts he could open the way for supplemental proceedings, and aid the purpose for which the execution was placed in his hands?

It would seem from the record that the supplemental proceedings are about to bear fruit, and this case furnishes a fair illustration of the benefits which may flow from the practice herein sanctioned. *Hutchinson* v. *Symons*, 67 N. C. Rep. 186.

The judgment of the Superior Court is affirmed. Let this be certified, &c.

PER CURIAM. Judgment affirmed.