JOHN W. SCHERMERHORN v. MARC W. CONNER.

*Guaranty of collection.*

A guaranty of payment "when all legal means to collect * * shall have been used" without success, does not furnish a ground of action unless plaintiff shows that he has fully exhausted his remedy at law by recovery of judgment, issue, and return of execution unsatisfied at return day, and, if suit was begun in justice's court, by the filing of a transcript of judgment in the circuit court and issue and return of execution thereon. An offer to show that such proceedings would be fruitless would not be enough.

Error to St. Joseph. Submitted June 10. Decided July 3.

ASSUMPSIT by Schermerhorn against Conner on a promissory note signed by Frank and Nathan Hatchell, and indorsed by Conner with a guaranty of payment in these words: "When all legal means to collect the within note against Frank and Nathan Hatchell shall have been used, if said note cannot be collected then, I agree to make the sum good to J. W. Schermerhorn. M. W. Conner." Defendant recovered and plaintiff brings error.

*Alfred Akey* for plaintiff in error. Where an execution is in the alternative, the officer can take the body as soon as he learns that defendant has no property, e. g., on the day of issuing execution, *Hollister v. Johnson,* 4 Wend., 639; transcript of judgment to the circuit need not be obtained where it is shown on the trial that defendant has no real estate, *Thomas v. Dodge,* 8 Mich., 51.

*William Sadler* for defendant in error. Remedy ·at law is not exhausted until execution is returned unsatisfied, *Thayer v. Swift,* Har. Ch., 430; and it cannot be so returned until return day, *Steward v. Stevens,* id., 169; *Smith v. Thompson,* Walk. Ch., 1; *Bosman v. Akely,* 38 Mich.; it ought to be so as to attachments, *Brown v. Williams,* 39 Mich.

MARSTON, J. Under the clear and explicit terms of the undertaking of defendant, upon which this action was brought, he could only be held liable when all legal means to collect the note against the Hatchells had been used. This required the plaintiff to show that he had fully exhausted his remedy at law by the recovery of a judgment, the issue and return, at the expiration of the time fixed for a return, of an execution unsatisfied in whole or in part, and where permitted, the filing of a

transcript in the circuit court, and the issue and return of an execution therefrom. An offer to prove that such proceedings would be fruitless for want of property would not be a use of all legal means, and could not supply the place of the usual and proper remedies to enforce collection.

The judgment must be affirmed with costs.

The other Justices concurred.