## Allen Nowlin v. John S. Tibbits et al.

*Suit on appeal bond.*

A levy on real estate in case of a return of *nulla bona* upon an execution from justice's court is not prerequisite to a suit upon the appeal bond.

A justice's neglect to make return within ten days after an appeal is perfected does not preclude a remedy on the appeal bond; the default in prosecuting the appeal is that of the appellant, and not of the appellee.

Case made after judgment from Wayne.    Submitted June 10.    Decided June 16.

Debt on bond.    Defendants had judgment.    Reversed.

*R. V. Briggs* and *Hawley & Firnane* for plaintiff.

*Adam E. Bloom* for defendant.    Return of *nulla bona* is not enough to show an attempt to levy upon real estate : *Barker v. Dayton* 28 Wis. 367; *Woodward v. Harbin* 1

Ala. 108; *McDowell v. Clark* 68 N. C. 118; *Burk v. Flour-noy* 4 Mo. 116.

MARSTON, C. J. The action in this case was brought to recover upon a bond given upon the appeal of a cause from justice's court to the circuit. The appeal was dismissed for non-payment of the proper fee, and an execution thereupon issued by the justice upon the judgment and returned unsatisfied.

The circuit court held that the plaintiff could not recover because he had not exhausted his remedy against the judgment debtor by causing a transcript of the justice's judgment to be taken to the circuit court, and issue and return of execution thereon.

This was erroneous. The statute provides that the plaintiff shall not be entitled to prosecute such bond until an execution on the judgment appealed from shall have been returned that sufficient goods and chattels could not be found to satisfy the same. Comp. L., § 5457. This was complied with, and this section is too plain to be extended by construction to requiring an effort to be made to collect from real estate. Were it not for this statute an execution from justice's court need not even be issued before suit brought.

The case of *Schermerhorn v. Conner* 41 Mich. 374 is relied upon, but has no application to the present case. In that case *all legal means* were to be used to collect the claim; such is not the requirement of the statute in this case.

It is also claimed that because the justice did not make his return to the circuit within ten days after the appeal was perfected, the plaintiff in this case can not recover. The plaintiff in this case is not responsible for such default of the justice. The appellant under the terms of his bond was to perfect and prosecute to effect his appeal. The default rests with him, and not the appellees. Upon the facts of this case, as presented, the plaintiff was entitled to recover.

The judgment must be reversed with costs and a new trial ordered.

The other Justices concurred.