GOODMAN v. ALLEN ET AL.

1. **Justices' Courts:** ISSUING EXECUTION AFTER APPEAL TAKEN: LIABILITY OF JUSTICE.   Where notice was given of an appeal from the judgment of a justice's court, and the justice made out a transcript and delivered it to the clerk of the circuit court, and the clerk informed him that he would put the papers on file when the appellants paid the fee, and the justice reported to one of the appellants' attorneys what he had done, and what the clerk had said, but the filing fee never was paid, and the transcript, consequently, was not filed, *held* that the justice was not liable to the appellants for subsequently issuing an execution on the judgment, because appellants should, under the circumstances, (more fully set out in the opinion,) be regarded as having waived their appeal.

*Appeal from Keokuk District Court.*

FRIDAY, OCTOBER 14.

ACTION upon the official bond of a justice of the peace to recover damages for wrongfully issuing an execution upon a judgment from which it is alleged an appeal had been taken to the district court.   There was a trial by the court without a jury, and a judgment for the defendant.   Plaintiff appeals.

*G. D. Woodin* and *Smith & Talley*, for appellant.

*Sampson & Brown*, for appellees.

ROTHROCK, J.—The case involves less than $100, and the appeal comes to us upon the following certificate of the trial judge: "In a case tried before a justice of the peace, in said county, for the possession of certain personal property, and judgment rendered therein January 13, 1886, and on the 30th day of January, 1886, an appeal-bond was filed in said case to appeal the same to the circuit court of said county, and the surety on said bond, and the bond itself, was by said justice, on the day last aforesaid, approved, and the appeal allowed. That thereupon said justice, February 11, 1886, made out a transcript of the record in said case, and with the papers and certificate in due form, before the next term of the said circuit court, handed the same to the clerk of said court, and left them with him, and informed him what they were, and told him he had nothing to pay the docket or filing fee, (and the fact was, no money was ever given him to pay the fee,) and the clerk said to him, ' Very well; tell them when they pay the fee I will put them on file,' and he did on the same or following day inform W. G. K. Talley, one of the defendants' attorneys in that case, and also one of plaintiff's attorneys in this case, that he had filed said papers, and what the clerk had said to him, and the attorney replied, ' If they or anybody wanted them filed, let them pay the fee.' This occurred either at the February term of the circuit court, or the April term of the district court, in 1886. The docket fee never was paid in the case, and the case was never placed on the docket, and no notice of appeal ever given; and the justice, being informed that the docket fee had not been paid, and the case never docketed, and believing the defendant had failed to perfect his appeal, on the application of the attorney for plaintiff in said case, on the 14th day of September, 1886, issued an execution and at the same time entered on his docket the words: ' Defendant having failed to perfect appeal, execution issued this 14th day of September, 1886, at instance of plaintiff. W. W. ALLEN, J. P.' There was no evidence tending

to show that the justice, in the issuing of said execution, acted maliciously or corruptly. The term of the circuit court at which the case could have been tried, if it had been docketed when filed, and notice of appeal given, commenced on the seventh day of September, 1886. That said papers became lost and could not be found. That before next term of said circuit court the attorney for appellant called on said clerk to pay said docket fee, and have the case docketed; but, as the papers could not be found, the docket fee was not paid. That on the 14th day of September, 1886, said justice issued an execution on said judgment, upon which execution the property in controversy was taken, and the costs collected of and paid by the plaintiff herein. Is the justice of the peace in such a case liable on his official bond for damages the appellant may sustain for wrongfully issuing said execution?"

Counsel for appellant insists that the certificate presents the question whether a justice of the peace is liable on his official bond for issuing an execution on a judgment rendered by him after the cause had been appealed to the district court. We think the question of liability in this case does not altogether depend upon the question whether the appeal had been taken. It appears from the facts stated in the certificate that appellant did not prosecute his appeal. The justice of the peace made out a transcript, and delivered it to the clerk, and the clerk informed him that he would put the papers on file "when they pay the fee." The clerk informed one of the appellant's counsel, and he said, "if they or anybody wanted them filed, let them pay the fee." It is unnecessary to repeat here what subsequently occurred. The facts are set out in the certificate. We think it ought to be held under these facts that the appellant waived his appeal. He did not even attempt to present his cause to the circuit court by procuring and filing a substituted transcript. The cause is deemed in the circuit court by the filing of the return of the justice in the office of the clerk. (Code, § 3584.) When

the execution was issued, appellant should have given attention to his appeal, instead of waiting for a cause of action against the justice. By reason of his neglect, he was a party to the wrongs of which he complains, and, so far as the liability of the justice in damages is concerned, he ought to be held to have abandoned his appeal.

Counsel for appellees claim that the appeal ought not to be sustained upon the certificate of the judge, because the amount in controversy, as shown by the pleadings, exceeds $100. As this question is involved in some doubt, we have thought it better to dispose of the case upon its merits.

AFFIRMED.