## NORTHERN DEPARTMENT—CENTRAL DIVISION. OCTOBER TERM, 1896.

GEORGE BUIST v. THE CITIZENS' SAVINGS BANK OF CONCORDIA, KANSAS.

No. 101.

1. INSOLVENT CORPORATION—*Proceedings Against Stockholder.* Where the return of an officer, to whom an execution upon a judgment against a Kansas banking corporation has been directed, shows that no property could be found whereon to levy such execution, *held*, that the judgment creditor may at once rightfully proceed, under paragraph 1192, General Statutes of 1889, to subject the property of a stockholder of such corporation to the satisfaction of such judgment, notwithstanding 60 days may not have elapsed since the date of such execution.

2. ——— *Creditors May Proceed Concurrently.* Two or more creditors of an insolvent corporation may proceed concurrently against a stockholder to enforce his statutory liability, and the pendency of proceedings by one creditor is no bar to that of another, but the court has ample authority to protect the stockholder, so that he be not required to make more than one payment in discharge of his liability.

MEMORANDUM.—Error from Mitchell district court; CYRUS HEREN, judge. Action by The Citizens' Savings Bank of Concordia, Kansas, against George Buist to enforce the liability of a stockholder. From an order directing the issuance of an execution defendant brings the case to this court. Affirmed. The opinion herein, filed October 17, 1896, states the material facts.

*Clark A. Smith*, for plaintiff in error.
*Caldwell & Ellis*, for defendant in error.

The opinion of the court was delivered by

CLARK, J.: This is a proceeding to enforce the individual liability of a stockholder of the Cawker City State Bank, a corporation organized under the laws of Kansas. On October 7, 1891, the Citizens' Savings Bank of Concordia recovered a judgment in the district court of Mitchell county against the said Cawker City State Bank for $1,274.· On October 9 an execution was issued on said judgment, which was on October 20 thereafter returned by the sheriff unsatisfied, for the reason, as shown by his return, that after diligent search and inquiry he could find no goods, chattels, real estate, lands or tenements of the defendant upon which to levy the execution. On December 2, 1891, this execution was withdrawn from the office of the clerk and on December 9 thereafter was again filed, bearing a similar return to the one previously entered upon it.

On October 6, 1891, the· National Bank of Lebanon recovered a judgment in said court against the same defendant corporation for $2,070, and on October 12 an execution was issued thereon, which was returned unsatisfied on October 15 thereafter, the return of· the sheriff showing that no property, either real or personal, could be found whereon to levy the execution.

George Buist was at the date of the rendition of these judgments, and for more than a year prior thereto had been, and at the dates hereinafter mentioned still remained, the owner of 20 shares of the capital stock of the said Cawker City State Bank, each share being of the face value of $100. On October 24, 1891, the Bank of Lebanon caused a notice in due form to be served ·upon· Buist that an application would be made, upon the first day of the January term, 1892, of the district

court of Mitchell county, for an order directing an execution against him, as a stockholder of the said Cawker City State Bank. Such application was thereafter made, agreeably to said notice, and a hearing was had thereon. After the plaintiff had introduced its evidence, Buist demurred thereto, on the ground that "the same does not prove facts sufficient to entitle the plaintiff to any remedy against the defendant, Buist, but does show that plaintiff is not entitled to the remedy asked." This demurrer was sustained, a motion for a new trial was overruled, and a judgment entered that the plaintiff pay the costs of the proceeding. Whether or not the court erred in sustaining the demurrer we are unable to determine, as the evidence introduced upon the hearing of that application is not before us. Proper exceptions were saved to the rulings of the court, and an extension of time was allowed in which to make and serve a case for the supreme court, which time had not elapsed when the order complained of herein was entered.

On November 14, 1891, and again on December 31 thereafter, the Citizens' Savings Bank of Concordia caused to be served on Buist a written notice that on January 11, 1892, an application would be made to the court for an order directing that an execution issue against his property for the amount of its judgment against the Cawker City State Bank. A hearing was had upon the motion which was subsequently filed. The court found the facts to be as above recited, and held that "the plaintiff being the first judgment creditor to proceed under the statute for execution against the said stockholders *after the return day of the execution*, he is entitled to preference over all other creditors to the amount of his judgment," and ordered the issu-

ance of an execution as prayed for. Buist seeks a reversal of that order.

Section 2, article 12 of the constitution, provides that:

"Dues from corporations shall be secured by individual liability of the stockholders to an additional amount equal to the stock owned by each stockholder, and such other means as shall be provided by law ; but such individual liabilities shall not apply to railroad corporations, nor corporations for religious or charitable purposes."

Under this provision of the constitution, the legislature enacted paragraph 1192, General Statutes 1889, which reads as follows :

"If any execution shall have been issued against the property or effects of a corporation, except a railway or a religious or charitable corporation, and there cannot be found any property whereon to levy such execution, then execution may be issued against any of the stockholders, to an extent equal in amount to the amount of stock by him or her owned, together with any amount unpaid thereon ; but no execution shall issue against any stockholder, except upon an order of the court in which the action, suit or other proceeding shall have been brought or instituted, made upon motion in open court, after reasonable notice in writing to the person or persons sought to be charged ; and, upon such motion, such court may order execution to issue accordingly ; or the plaintiff in the execution may proceed by action to charge the stockholder with the amount of his judgment."

The statute under which the execution against the Cawker City State Bank was issued provides :

"The sheriff or other officer, to whom any writ of execution shall be directed, shall return such writ to the court to which the same is returnable within 60 days from the date thereof." (Gen. Stat. 1889, ¶ 4567.)

The plaintiff in error contends that the law contemplates that, if no property is in fact found by the officer whereon to levy execution, he must nevertheless retain the writ in his hands for service for full 60 days, and that a return by him of *nulla bona* prior to the expiration of that time would be no evidence that "there cannot be found any property whereon to levy such execution." If this should be held to be the correct interpretation of this statute, we do not think that the act of the officer in withdrawing the execution after having made a return thereof and holding the writ until the return-day named therein would afford a sufficient foundation upon which to base the subsequent proceedings to subject the property of the stockholder to the payment of the judgment. After the execution had been returned by the officer to whom it was directed it became *functus officio*, and no levy could thereafter have been legally made upon the property of the corporation except by virtue of another writ duly issued. It is true that the officer is, under the statute, allowed 60 days in which to make the levy, and he cannot be compelled to return the execution prior to the expiration of that time; still, we know of no reason why he may not very properly return the writ before the expiration of the 60 days if after having made diligent search he is unable to find any property upon which to levy; and his return showing that fact would be at least *prima facie* evidence that no property could be found subject to execution. We think we might well adopt the language employed by the supreme court of Mississippi in *Ward v. Whitfield*, 2 S. Rep. 493, wherein it is said that "if there was no property subject to execution while it [the writ] remained in his hands, there ex-

ists no presumption that the condition of the debtor would be changed before the return-day."

In construing a statute identical in terms with our own, it was held, in *Renaud v. O'Brien*, 35 N. Y. 99, that a return by the sheriff before the expiration of the time within which he was required to make it was a sufficient basis for a proceeding like this; that the time allowed for the return of an execution is for the benefit of the sheriff and to prevent action or compulsory proceedings against him before he has had a reasonable time to execute the process; that the point beyond which it would not continue is provided, but that the statute is silent as to how soon he is to be permitted to make the return, and that if the sheriff should make an honest return that he could find no property of the defendant in his county, or if the defendant should be known to be notoriously insolvent and the sheriff should take the hazard of an early return, no valid objection could be urged thereto. The statute of Minnesota provided that execution should be returned within 60 days. In *Manufacturing Co. v. Shatto*, 34 Fed. Rep. 380, it was held that, after the return of an execution unsatisfied, supplementary proceedings might be commenced, although 60 days had not elapsed since the date of the execution. In *Guerney v. Moore*, 32 S. W. Rep. 1132, the supreme court of Missouri was called upon to construe the sections of our statute above quoted, and held that, where an execution upon a judgment against a corporation was returned unsatisfied 19 days after it was issued, such return was not premature, and that the contingencies had arisen which warranted the bringing of an action to charge the stockholder of the corporation with the amount of the judgment.

It appears from the evidence and from the findings

of fact by the court, that several months prior to the rendition of the judgments herein named the Cawker City State Bank suspended business, closed its doors, and made an assignment of all its property, both real and personal, for the benefit of its creditors, and that at the time the order herein complained of was made the assignee had possession and control of all the property of the bank. If the officer knew of this fact, he would have been justified in returning the execution *nulla bona* without making further useless search for property, as he could not legally levy upon property which was at the time held under a valid deed of assignment.

It is also contended that, if it should be held that the return of the officer was sufficient upon which to base proceedings to subject the property of a stockholder to the satisfaction of a judgment against a corporation, as the Bank of Lebanon had first instituted such proceedings, it thereby acquired a priority of right to recover against the plaintiff in error, and as its judgment exceeded the amount of his liability as a stockholder, the court erred in ordering the issuance of an execution in favor of the defendant in error, before the time allowed by law in which the Bank of Lebanon might institute proceedings in error to reverse the ruling of the court denying its motion for execution had expired; and that, if that ruling should be reversed, and it should be finally determined that the Bank of Lebanon had acquired a prior lien upon the liability of the plaintiff in error as a stockholder, by reason of its greater diligence. in attempting to enforce the payment of its judgment by proceeding against him under the statute, the plaintiff in error might be subjected to the payment of a sum in excess of that prescribed by the constitution and

statutes of this state.   A sufficient answer to this contention would be that no application was made by the plaintiff in error to have the issuance of an exe-tion stayed until his liability to the Bank of Lebanon should be finally ascertained, either upon proceedings in error, or by failure of that bank to institute such proceedings within the time limited by law.   He could also have been fully protected by an order of the court authorizing him to deposit with the clerk the amount of the judgment in favor of the defendant in error, subject to the further order of the court when the priority of right of these judgment creditors should be fully ascertained.

We think, however, that when an execution upon a judgment against a Kansas banking corporation has been returned *nulla bona,* the judgment creditor may at once proceed against any stockholder thereof, under paragraph 1192, General Statutes 1889, even though 60 days may not have elapsed since the date of the execution.   The court has ample authority to make any order which may be necessary fully to protect the interests, not only of the stockholder against whom such proceedings may be instituted, but of the more diligent creditor as well.   Simply awarding an execution against a stockholder "to an extent equal in amount to the amount of stock by him or her owned" does not of itself relieve such stockholder from his liability to other creditors of the corporation, nor prevent them from instituting similar proceedings against him; and in such case, unless it should appear that there has been a full satisfaction of the stockholder's liability, either by actual payment or its equivalent, an order for the issuance of an exeu-tion against him may be rightfully entered.   Execu-tions might be awarded in favor of the same judgment

creditor and against any number of stockholders for the amount of their respective liabilities; but there could, of course, be but one satisfaction of the judgment. It appears from the record that the Bank of Lebanon instituted proceedings against other stockholders in the Cawker City State Bank similar in their nature to those instituted by it against the plaintiff in error, and that those proceedings were still pending and undetermined at the date of the entry of the order herein complained of. If that plaintiff should recover from such other stockholders a sufficient amount to satisfy its judgment against the corporation, Buist could not possibly be prejudiced by the order of the court which he is here seeking to have reversed.

As the plaintiff in error has failed to point out any errors of the trial court which operated to his injury, the order directing the issuance of an execution against him will be affirmed.

All the Judges concurring.