RENSSELAER L. CURTIS, Receiver, *vs.* JAMES H. MORTON.

JUNE 15, 1916.

PRESENT: Johnson, C. J., Parkhurst, Sweetland, Vincent, and Baker, JJ.

(1) *Supplemental Proceedings. Return of Execution.*

A plaintiff is not precluded from resorting to the supplemental relief provided by Chapter 1228 of the Public Laws by reason of the return *nulla bona* of the execution before the return day named thereon.

*Semble:* That a different rule applies as to the return of an execution *nulla bona* prior to the date named for its return in suits against bail or a garnishee, than in an action against the principal defendant.

PETITION under Public Laws, cap. 1228, for supplemental relief. Heard on certification from Superior Court.

JOHNSON, C. J. In the above entitled cause the plaintiff has filed a petition seeking to avail himself of the remedy supplemental to execution provided by the Public Laws of Rhode Island, 1915, Chapter 1228. The record of the case as stated upon the order certifying the question to this court shows that the plaintiff recovered judgment against the defendant March 30th, 1914; that on October 9th, 1914, an execution was issued; that this execution was returned by the attorneys for the plaintiff on October 22nd, 1915, reduced from the sum of $10,712.47 to the sum of $10,549.20, by the

sale of collateral; that on October 25th, 1915, a second. execution was issued in the sum of $10,549.20; that on October 27th, 1915, the execution was returned by the officer charged therewith, as follows: "There being no goods, chattels or real estate of the within named defendant upon. which to levy this execution, having made demand upon the said defendant for the sum due herein and he refusing to pay the same, I herewith return this to court wholly unsatisfied."

November 1st, 1915, the plaintiff filed his application for supplemental relief, and the citation was issued return-able November 16th, 1915. The return day of the execution. was April 25th, 1916. The case is certified to this court by the Presiding Justice of the Superior Court, because in his judgment the objection raised by the defendant ought to be determined by this court before further proceedings.

The question certified is as follows, after reciting the record: "Under the facts as set forth above, is plaintiff entitled to summon the defendant and subject him to exami-nation under the provisions of Chapter 1228 of the Public Laws of Rhode Island, passed at the January session, 1915, the defendant objecting thereto on the ground that the execution was prematurely returned?"

Chapter 1228 of the Public Laws of Rhode Island, passed at the January session, 1915, provides in part:

"Sec. 1. On the filing of an application by a judgment creditor, execution on whose judgment has been returned *nulla bona*, the clerk or a justice of the court rendering said judgment, shall issue a citation to the judgment debtor to appear at a time and place named therein to show cause why an examination into his circumstances should not be made and a decree be entered ordering him to pay such judgment in full or by instalments, weekly, monthly or otherwise."

Section 6 of Chapter 303 of the General Laws of Rhode Island, 1909, reads as follows:

"Sec. 6. Every execution issued by the Supreme or Superior Court, shall, unless otherwise specially provided

therein, be made returnable thereto six months from the date
of such execution, and shall be returned by the officer charged
therewith; and if the officer shall not return the same within
that time, he shall be liable therefor, as by law prescribed."

There is nothing in the language of this statute which
forbids the return of an execution before the expiration of
the six months from the date of issue. The effect of the
fixing of a time for the return is to give the officer charged
therewith until that time to search for and if possible dis-
cover property on which to levy, and if he does not return the
same "within that time," he is made "liable therefor as by
law prescribed."

The rule as to the time of return of executions is stated in
17 Cyc. pp. 1368–9, as follows: "An execution should
regularly and properly be returned at the time fixed by law
and designated in the writ, but while this is the rule, the
officer may in many jurisdictions return the execution before
the return day, even unsatisfied, where he has been unable
after diligent search to find property subject to the writ, and
it has been held that where the ends of justice will be
furthered thereby, and there is no evidence that the sheriff
can derive any advantage from holding the execution until
the return day, it is within the power of the court to compel
an earlier return." This rule is supported by the following
cases: *Lord* v. *Townsend*, 5 Harr. (Del.) 457; *Wilcox* v.
*Ratliff*. 5 Blackf. 561; *Buist* v. *Savings Bank*, 4 Kan. App. 700;
*Wheeling Pottery Co.* v. *R. Levi & Co.*, 48 La. Ann. 777;
*Ward* v. *Whitfield*, 64 Miss. 754; *Tyler* v. *Willis*, 33 Barb.
(N. Y.) 327.

In *Wilcox* v. *Ratliff, supra,* the execution was issued
March 3, and returnable in thirty days. On March 13th
it was returned *nulla bona*. The court said in part, at page
562: "It is also contended, that the constable should not
have returned the execution, *nulla bona,* without taking the
time allowed by law to find property. But there is no
ground for this objection. When a constable having in his
hands *a fieri facias,* has made one full examination for goods

without success, he is at liberty to return the execution *nulla bona.*"

In *Buist* v. *Savings Bank, supra,* the return had to be made within sixty days. The court, at page 704, said: "It is true that the officer is, under the statute, allowed 60 days in which to make the levy, and he cannot be compelled to return execution prior to the expiration of that time; still we know of no reason why he may not very properly return the writ before the expiration of the sixty days if after diligent search, he is unable to find any property upon which to levy; and his return showing that fact would be at least *prima facie* evidence that no property could be found subject to execution."

In *Pottery Co.* v. *Levi & Co., supra,* at page 780, the court says: "When it is evident that a defendant has no assets subject to the writ, there is no reason for delaying the return and preventing recourse to other remedies."

In cases involving relief supplemental to execution, the same rule has been applied. Thus in *Whitehead* v. *Hellen,* 74 N. C. 679, where an execution, issued at the fall term, 1874, and returnable at the spring term, 1875, was returned November, 1874, unsatisfied, the court, page 682, said: "Can a sheriff, who has in his hands an execution issued from Fall Term, 1874, returnable to Spring Term, 1875, return the same in vacation, or must he hold it until term time and return it to court ?

"This question being determined, everything else, in this case, will follow as a matter of course.

"If an execution be satisfied soon after the adjournment of the court from which it issued, why should the sheriff be compelled to retain the money in his own hands until the term to which the execution is returnable ? Would it not be better for all concerned, that he should pay the money, either into office or to the party entitled thereto ?

"And if, on the other hand, it be apparent that nothing can be found, out of which satisfaction can be had, why may he not return the execution 'unsatisfied,' at any time before the regular term of court ?

"That is the limit beyond which he may not delay, but there is no good reason why he should delay so long, if no useful purpose is to be served thereby."

To the same effect are the following cases where the execution was returnable within a specified number of days: *Messenger* v. *Fisk*, 1 Code Rep. (N. Y.) 106; *Simpkins* v. *Page*, 1 Code Rep. (N. Y.) 107; *Livingston* v. *Cleaveland*, 1 Code Rep. (N. Y.) N. S. 54; *Forbes* v. *Walter*, 25 How. Pr. 166; *Tomlinson & Webster* v. *Shatto*, 34 Fed. 380.

Some courts have taken a different view. In *Dillon* v. *Rash*, 27 Mo. 243, the court said: "Regularly, an execution can not be returned before the return day. If search is made and no property is found, it does not follow but that the defendant may have property before the return day of the execution. He may acquire it after the return is made." In *Marks* v. *Hardy*, 86 Mo. 232, the court said: "Authorities may be found to support the plaintiff's view in this case, but the better doctrine is that when the execution by law has a fixed return day, it should not be returned before that day." To the same effect are *Huhn* v. *Lang*, 122 Mo. 600, and *Schermerhorn* v. *Conner*, 41 Mich. 374.

Defendant's counsel cite cases to the effect that a creditor's bill cannot be filed or maintained where the execution has been returned previous to the return day named therein. In *Steward* v. *Stevens*, Harr. (Mich.) 169, *fieri facias* was issued returnable "on the third Tuesday of November following." It was returned August 28th of the same year. After a creditor's bill had been filed, there was a demurrer, and the court sustained the demurrer. To the same effect are *Thayer* v. *Swift*, Harr. 430; *Smith* v. *Thompson*, Walk. Ch. 1, where the writ was returnable May 18th, and was actually returned May 17th; *Beach* v. *White*, Walk. Ch. 495.

These decisions are based on the principle enunciated in *Steward* v. *Stevens*, *supra*, where the court said: "The jurisdiction of this court, to apply the property of the defendant, which is beyond the reach of execution at law, to the satisfaction of the debt due to the judgment creditor,

proceeds upon the ground that he has exhausted his remedy at law.''

In *Thayer* v. *Swift, supra,* at p. 431, the court said : ''The first question presented is, can this bill be sustained as a judgment creditors bill merely. The foundation of the jurisdiction of this court in this class of cases is, that the judgment creditor shall have fully exhausted his remedy at law. It has been repeatedly held that the court will not retain a bill as a judgment creditors bill merely, filed before the return day of the execution.''

In *Beach* v. *White, supra,* the court said : ''The bill cannot be sustained as to the equitable assets, or choses in action, belonging to J. R. White, the judgment debtor; the execution having been returned before the return day. *Smith* v. *Thompson, ante,* 1. But it may be sustained as to the conveyances charged to be fraudulent against his creditor. For this purpose it is only necessary to show an execution has been issued. *Williams* v. *Hubbard,* Walk. Ch., 28.'' In said case of *Williams* v. *Hubbard,* the court, p. 29, says: ''There are two classes of cases in which a judgment creditor may come into this court for relief. *First.* In aid of his execution at law; as to set aside an incumbrance or a transfer of property made to defraud creditors. *Second.* To have his judgment paid out of *choses in action,* or other property of the debtor not liable to execution. . . . Relief is given in these two classes of cases on different principles. In the first class, on the ground of fraud; and in the other, on the ground that the complainant has exhausted his remedy at law, and that it is inequitable and unjust for the debtor, under such circumstances, to refuse to apply any *choses in action,* or other property belonging to him not liable to execution, in payment of the judgment.''

Defendant's counsel also cite *Grant* v. *New York Life Ins. Co.,* 24 R. I. 11; *McAuliffe* v. *Lynch,* 17 R. I. 410, and *Adams* v. *Cummiskey,* 4 Cush. 420.

In *McAuliffe* v. *Lynch, supra,* this court held that a return of *non est inventus* cannot be made on an execution before the

return day of the execution so as to fix the liability of the bail, and that *scire facias* against the bail cannot be maintained on an execution which the sheriff has, before its return day, returned *non est inventus*. The court, pp. 411–412, says: "The direction to the officer charged with the service of the execution, the form of which is prescribed by statute, is to return the same, with his doings thereon on the first day of the next succeeding term of court from whence it issued. Pub. Stat. R. I., cap. 222, § 15.

"Now in order to hold bail liable upon their undertaking, the law requires that the proceedings must be regular and conform in every respect to the statutory requirements. They are also entitled to a strict construction of the obligation creating their responsibility and measuring its extent, . . . and as stated by SHAW, C. J., in a similar case; see *Niles* v. *Field*, 2 Metc. 327; 'If this suit could be maintained, it would tend to alter and enlarge the responsibility of bail. If the principal dies before the return of the execution, the bail is discharged; the surrender of the body becomes impossible and the obligation is saved.' Pub. Stat. R. I., cap. 224, § 6, provides that 'The death of the principal before the return day of the execution against him shall discharge the bail.' This provision alone shows that it is impossible to fix the liability of the bail before the return day of the execution."

In *Grant* v. *New York Life Ins. Co.*, 24 R. I. 11, this court held that an action under Gen. Laws, 1896, cap. 254, § 20, would not lie against a garnishee who has neglected to file an account, before the return day of the execution against the principal defendant. The court, p. 13, said: "In Maine and Massachusetts, under statutes which provide for *scire facias* against one who has been adjudged a trustee, it has been held that the process could not issue before the return day of the execution. *Roberts* v. *Knight*, 48 Me. 171; *Adams* v. *Cummiskey*, 4 Cush. 420.

"While the statutes are different, the substantial reason as to time is the same.

"The remedy against bail is quite analogous, and in *McAuliffe* v. *Lynch,* 17 R. I. 410, it was held that it will not lie before the return day of the execution against the principal. This seems to be a reasonable time, and, in the absence of any other fixed time, we think it is the proper one. The plaintiff argues that there is a distinction between trustee and bail, because the former is made a party to the suit. We fail to see the force of this fact in regard to the question here raised. Neither one is primarily liable; both practically stand as sureties; for when the defendant satisfies the judgment, both are discharged. If the bail is not liable to suit until the return day of the execution, we see no reason why the garnishee should be liable to suit in a shorter time, since the conditions are substantially, though not technically, similar."

These cases do not support the rule contended for by the defendant, but do indicate why the rule should be different in a suit against bail or garnishee from that in a suit against the principal defendant.

In our opinion the plaintiff is not precluded from resorting to the supplemental relief provided by said Chapter 1228 of the Public Laws by reason of the return *nulla bona* before the return day named thereon of the execution issued October 25, 1915.

We therefore answer the question certified in the affirmative.

The papers in the cause with our decision certified thereon will be returned to the Superior Court for further proceedings.

*Mumford, Huddy & Emerson, George H. Huddy, Jr., E. Butler Moulton,* for plaintiff.

*Waterman & Greenlaw,* for defendant.

*Charles E. Tilley,* of counsel.