## WACKENHUT v. WASHTENAW CIRCUIT JUDGE.

1. JUSTICES OF THE PEACE—APPEAL FROM JUSTICE'S COURT—DUTY OF APPELLANT TO PERFECT INCOMPLETE RETURN.

On appeal from a judgment in justice's court, the duty is on appellant, if the justice's return is defective or incomplete, to perfect same or abide the judgment as it stood.

2. SAME—MOTION TO DISMISS APPEAL—INCOMPLETE RETURN.

Where it is conceded that the justice's return was incomplete, and appellant took no steps to perfect same within a reasonable time, appellee's motion to dismiss the appeal should have been granted.

3. SAME—ESTOPPEL.

Appellee was not estopped from moving to dismiss the appeal by reason of his counsel's inapt proposal that if it devolved upon him to perfect the appeal, permission be granted him to make the amendment and then proceed to trial immediately, where his suggestion was not acquiesced in by the court.

4. MANDAMUS—MOTION TO DISMISS APPEAL—PRACTICE—JUDICATURE ACT.

Under the judicature act (3 Comp. Laws 1915, § 13438), it

was not necessary for appellee to first apply to the trial court to set aside the order denying dismissal before petitioning for mandamus to compel its vacation.

Mandamus by Martin J. Wackenhut to compel George W. Sample, circuit judge of Washtenaw county, to vacate an order denying a motion to dismiss an appeal. Submitted April 18, 1922. (Calendar No. 29,938.) Writ granted June 5, 1922.

*Stivers & Laird,* for plaintiff.

*Cobb, Bisbee & Wilson,* for defendant.

STEERE, J. In an action brought in justice's court of Washtenaw county by Martin J. Wackenhut, plaintiff herein, against Walker D. Hines, director general of railroads, judgment was rendered in favor of plaintiff on June 20, 1919, for $100 and costs. On June 23, 1919, defendant Hines by his attorney filed an affidavit on appeal to the circuit court with the justice before whom the case was heard, and on June 25, 1919, said justice filed in the circuit court of Washtenaw county his return on appeal together with the affidavit for appeal previously filed with him. On March 21, 1921, said cause was called for trial in the circuit court and plaintiff's counsel advised the court they were ready to proceed. Counsel for defendant thereupon objected to proceeding with the trial on the ground that the justice's return was not satisfactory nor sufficiently complete for the case to be heard, saying in part:

"There is nothing on the face of the record to show the justice has jurisdiction, and there is nothing to show this court his appearance. I cannot see where there is anything that should require us to go to trial on this record. We want judgment for the defendant and to have the proceeding quashed."

Plaintiff was satisfied with his judgment in justice's

court, had taken no steps to appeal from or have the same set aside, and his counsel stood ready to proceed with the trial and disposition of defendant's appeal. The circuit judge held with defendant's counsel that the return was not full enough to give jurisdiction to proceed with the trial, and said "You have the right to require the justice to make a return that is perfect," that the case would be held over for a proper return to be made, and signed the following order which was entered in the court journal: "The above cause held open until proper returns are made."

The position of defendant's counsel, then and later, seems to have been that failure of the justice to make sufficiently full return to his appeal to give the appellate court jurisdiction was to his advantage and if plaintiff did not attend to securing a proper return defendant was entitled to a judgment and to "have the proceedings quashed."

On April 18, 1921, plaintiff served a motion to dismiss the appeal, supported by affidavits, on defendant's attorneys, for hearing on April 23d, at which time both parties appeared by counsel. After hearing argument the court made and recorded the following order:

"Martin J. Wackenhut v. Walker D. Hines, Director General of Railroads.

"Upon motion of attorney William Laird to dismiss the appeal which motion was denied. Court allowed ten dollars motion fee to defendant's counsel.

"Whereupon court adjourned until Monday, April 25, 1921."

Plaintiff thereafter applied to this court for a writ of mandamus directing the circuit judge to vacate said order of denial and dismiss defendant's appeal. The return to an order to show cause why the same should not be granted admits all allegations in the sixth para-

graph of plaintiff's petition which amongst other things alleges: "nor has said defendant taken any proceedings or steps whatsoever to have said return on appeal perfected and corrected or to prosecute said appeal with diligence."

When defendant's counsel objected to proceeding with the trial, asking "judgment for defendant and to have the proceedings quashed" because the defective return of the justice did not give the circuit court jurisdiction, plaintiff's counsel insisted on proceeding with the case, making in the discussion an inapt proposal that if it devolved upon plaintiff to do so permission be granted him to make the amendment, inquiring if they could not "have it corrected and go on to trial immediately." The court in reply held that could not be done as "defendant would be entitled to time within which to appear."

Defendant's counsel argue an element of estoppel in the attitude of plaintiff's counsel when proposing to make or assist in making amendments to the justice's return forthwith, saying in their brief he "made no contention that the motion was not in order or was unfounded; made no application for dismissal of the appeal, as he might have done; made no claim that it was not incumbent upon plaintiff to perfect the appeal, but stated to the court—'If it devolves upon us to make this appeal, we ask to be permitted to make the amendment." While some unusual propositions were advanced by both sides in that discussion, it is plain that plaintiff's counsel consistently urged a prompt disposition of the case and made overtures to that end until the court by a short order continued the case "until proper returns are made," without directing who should make them. We find nothing in what then took place to preclude plaintiff from moving to dismiss defendant's admittedly defective appeal after sufficient time had

elapsed for him to secure a further return if desired.

Plaintiff had obtained a judgment with which he was content. It was his right to maintain it by all legal means and his interest to avoid the expense, uncertainty and delay of an appeal and re-trial. The order complained of hung the case up indefinitely between the two courts, and permanently on defendant's theory, unless plaintiff assumed the burden of securing a further return to help out defendant's incomplete appeal.

It was the duty of defendant to prosecute his appeal with all due diligence to a decision in the circuit court. If the justice's return was defective he could and should if he wished re-trial in the circuit court apply within a reasonable time to that court for an order directing the justice to make further return. He was asking relief by appeal from a judgment already obtained and standing against him. It was his appeal and his duty to perfect it or abide the judgment as it stood. No authority to the contrary is cited by defendant. As confirmatory of his proposition *vide Wiley* v. *Allegan Circuit Judge,* 29 Mich. 486; *Nowlin* v. *Tibbits,* 44 Mich. 77; *Maxwell* v. *Deens,* 46 Mich. 35; *Lord* v. *Ellis,* 9 Iowa, 301; *Goodman* v. *Allen,* 72 Iowa, 616 (34 N. W. 445); *Young* v. *School District,* 119 Mo. App. 108 (95 S. W. 947); *Mitchell* v. *Stephens,* 23 Ind. 468; *Smith* v. *Allen,* 31 Ark. 268.

Defendant further contends with citation of sustaining decisions by this court that plaintiff's application for mandamus cannot be entertained because he did not first apply to the trial court to set aside its order denying dismissal. Unfortunately for the contention, that rule of practice and the decisions sustaining it have been relegated to the "good but obsolete" discard, since passage of the judicature act which provides (3 Comp. Laws 1915, § 13438):

"In all cases where any order or determination of any court or judge shall be reviewable in mandamus proceedings, if such order or determination was made after hearing counsel in opposition thereto, it shall not be necessary to make a motion for the vacation of such order or determination before instituting mandamus proceedings to review the same."

The writ of mandamus will issue as prayed for.

FELLOWS, C. J., and WIEST, MCDONALD, CLARK, BIRD, SHARPE, and MOORE, JJ., concurred.