GRABOWSKI v. LAPEER CIRCUIT JUDGE.

1. MANDAMUS—JUSTICES OF PEACE—APPEAL FROM JUSTICE'S COURT—COSTS.

Mandamus will be granted to compel a justice of the peace to make return, but as condition precedent thereto, costs must be paid.

2. JUSTICES OF PEACE—COSTS—FILING RETURN—APPEAL FROM JUSTICE'S COURT.

Where return of justice of peace was not made within ten days, as required by 3 Comp. Laws 1915, § 14413, because balance of costs was not paid by appellant, appeal was properly dismissed by circuit judge.

Mandamus by Joseph Grabowski to compel Henry H. Smith, Lapeer Circuit Judge, to set aside an order dismissing an appeal from justice's court. Submitted April 15, 1930. (Calendar No. 34,904.) Writ denied June 2, 1930.

*Herbert W. Smith,* for plaintiff.

*John Loughnane,* for defendant.

SHARPE, J.   The petition for mandamus alleges: That plaintiff brought suit before a justice of the peace in Lapeer county against John Torz and Mary Torz, and on trial thereof, without a jury, a judgment was rendered in favor of the defendants on June 25, 1929. That on the same day petitioner filed with the justice an affidavit and bond for appeal, and paid the justice the sum of $10 for costs and $4 for making return thereto. That the return on appeal was filed by the justice on August 5, 1929, and within

five days thereafter a notice thereof was served upon the attorney for the defendants in that case. That on January 10, 1930, the defendants' attorney moved to dismiss the appeal for the reason that the return of the justice was not filed within ten days, as provided for by section 14413, 3 Comp. Laws 1915. To this motion was attached an affidavit of the justice, who stated therein that the costs in said cause amounted to $21.15; that he informed plaintiff's attorney that he would not accept the $15 as the costs, and that the balance thereof was not paid to him by the attorney until August 5th, and that he promptly thereafter made such return.

Defendant in his answer admits the facts as stated in the petition, and states that in his opinion the statutory requirement is jurisdictional, and that the appeal was properly dismissed.

The statute (3 Comp. Laws 1915, § 14413) reads as follows:

"Within ten days after the appeal shall be duly made, the justice shall file with the clerk of the circuit court, his return made as above directed, together with all papers filed with him by either party relating to the cause, and the affidavit and bond or recognizance delivered to him by the appellant."

Mandamus will be granted to compel a justice to make a return. But, as a condition precedent thereto, the costs must be paid. *Wiley* v. *Allegan Circuit Judge,* 29 Mich. 487. Plaintiff's after-payment of the $6.15 is an admission that the justice was legally entitled thereto. The delay of plaintiff's attorney in making this payment is in no way excused. The purpose of the several provisions limiting the time within which such proceedings shall be taken is to secure a speedy determination of the matter at issue. A party to such litigation has a right to know

when it is terminated. When the return was not filed within the time limited therefor, and no proceedings taken to compel the justice to make it, the defendants had the right to assume that the case had been finally disposed of. *Nowlin* v. *Tibbits,* 44 Mich. 77.

We find no error in the action of the trial court, and the writ of mandamus is denied, with costs to appellees.

WIEST, C. J., and BUTZEL, CLARK, McDONALD, POTTER, NORTH, and FEAD, JJ., concurred.